HORTON, Chief Judge.
This appeal is from a summary judgment rendered for appellee in an action for goods allegedly bargained and sold to appellants, before answer by appellants but also after appellants had moved for summary judgment in their favor.
Appellants contend that there were genuine issues as to material facts which pre- *454 eluded the entry of a summary judgment. This contention is well taken.
The appellants, before answer, moved for summary judgment with supporting affidavits. The gist of these affidavits was a denial of the appellee’s claim. The appellee filed opposing affidavits, among which was an affidavit by its manager claiming that the merchandise had been delivered to named parties, other than appellants, at a boat, and that the appellants had some unknown interest in this boat.
 In order to justify the entry of the summary judgment before answer filed, it was necessary for the appellee to clearly demonstrate that a genuine issue of fact could not be presented. See Olin’s, Inc. v. Avis Rental Car System of Fla., Inc., Fla. App.1958, 105 So.2d 497. A consideration of the affidavits and pleadings leads to the .inference that there are several possible legitimate defenses sufficient to raise a genuine issue of material fact which the appellants could or may interpose. In any "event, the affidavits, etc., on behalf of the appellee were not so clear as to warrant the conclusion that no genuine issue of ma- ■ terial fact existed. As a matter of fact, the affidavit of the appellee’s manager to the effect that the merchandise was delivered to parties other than the appellants, without -any explanation as to the condition or circumstances of its delivery, raises several legitimate issues which we conceive would preclude the entry of a summary judgment. The record contains affidavits which further support the possible inference that the merchandise was not delivered to the appellants but to other named parties, and, the record contains an affidavit of a party other than the appellants who claims to have purchased the merchandise and further alleges that he alone is solely responsible for the payment of said goods.
Upon the state of the record, we are convinced insufficient basis existed for the entry of the summary judgment and it should be reversed. Accordingly, the summary judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.