STURGIS, Judge.
Grace H. Larsen, plaintiff below, brought this suit against Edwin Lehew and his former wife, Leacy Lehew, to quiet title in plaintiff to certain real property conveyed to her by a tax deed of Volusia County, *873 Florida. The tax deed was issued pursuant to plaintiff’s purchase of the land at a public sale that was initiated upon the application of a third party holding an outstanding tax certificate the validity of which is not challenged. Edwin Lehew did not appear or contest the suit. Leacy Lehew, the appellant, did not file or tender an answer to the complaint or at any time seek leave to do so. Both she and the plaintiff filed motions for summary final decree. Plaintiff’s motion was granted and final decree entered accordingly, from which Mrs. Lehew takes this appeal.
The points for decision by this court are: 1. Whether it was incumbent on the trial court before entering summary final decree for plaintiff to afford the defendant (appellant) an opportunity to file an answer to the complaint. 2. Whether it was error to deny defendant’s motion for summary final decree. The first point must be answered in the affirmative. The second point is without merit.
The action of the trial court in entering summary final decree for plaintiff impliedly denied defendant’s then pending motion to dismiss the amended complaint. While a motion to dismiss admits, for the purposes of the consideration thereof, the truth of all facts well pleaded in the complaint, such admission does not preclude the movant, in the event the motion is denied, from filing an answer denying every material allegation of the complaint. Smetal Corporation v. Family Loan Co., 1935, 119 Fla. 497, 161 So. 438; Olin’s, Inc. v. Avis Rental Car System of Florida, Fla.1958, 104 So.2d 508. The presumption of truthfulness attending consideration of the sufficiency of a complaint to state a cause of action does not operate to relieve the plaintiff of the burden of proof resting upon him. A fortiori, denial of a motion to dismiss the complaint for failure to state a cause of action does not operate to restrict in any manner the subsequent pleadings of the parties. The subject presumption is indulged as an aid to orderly pleading, for the limited purpose of passing upon the sufficiency in law of the pleading attacked, and is not binding upon the court in the consideration of the case on final hearing. It is not to be regarded as an acknowledgment or used as evidence, or considered as equivalent to evidence. Bennett v. Senn, 1932, 106 Fla. 446, 144 So. 840.
In the leading case of Olin’s v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497, 498, the Third District Court of Appeal was confronted squarely with the question of whether the trial court was in error in holding that there was no genuine issue to be tried and in granting a summary decree in plaintiff’s favor, before answer served by defendant, in a case where, upon the facts presented, there existed a possibility that a material issue of fact might be developed by an answer to the complaint. The court of appeal held that the trial court was privileged to entertain plaintiff’s motion for summary judgment, before answer (See its earlier opinion in the same case reported in 102 So.2d 159), and observed:
“When a trial court has for consideration a plaintiff’s motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented. See Moore’s Federal Practice, § 56.07, p. 2044. Cf. Ludlow Mfg. & Sales Co. v. Textile Workers Union, D.C.Del., 108 F.Supp. 45, 51.”
It then cited with approval an excerpt from Stuart Inv. Co. v. Westinghouse Electric Corp., D.C.Neb., 11 F.R.D. 277, 280, with which we agree. The Federal court, in dealing with the equivalent Federal Rule 56, 28 U.S.C.A., held that although a motion by plaintiff for summary judgment, brought on before service of answer to the complaint, may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions must be kept in view, and a summary judgment upon m© *874 tion tendered before service of an answer should not be granted unless, in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact; that a summary judgment should not be permitted to abruptly and rashly intercept the presentation of any defensive matter which the defendant might tender by answer. That pronouncement implies, of course, that the record before the trial court contains data or statements indicating the possibility that a material issue may be presented by an answer. Applying that rule, which was reaffirmed in Goldstein v. Florida Fishermen’s Supply Company, Fla.App.1959, 116 So.2d 453, we think the case on appeal meets the test. Defendant’s affidavit to the effect that plaintiff’s acquisition of the tax deed in question was the product of collusion between the plaintiff and defendant’s co-tenant, her former husband, implies that the defendant, if afforded the opportunity, might have served an answer herein presenting a lawful issue upon that subject, one upon which the efficiency of the tax deed to divest defendant of her interest might well turn. An opportunity to do so should have been afforded.
Our conclusion is not to be construed as indicating that the proofs before the chancellor on the motions for summary final decree would have been sufficient to support a decree invalidating the' tax deed or that an answer alleging the matters disclosed by the proofs on the motions for summary judgment would be adequate, as a matter of law, to survive a motion to strike for failure to state a defense to the complaint. Those aspects are yet to be developed before the chancellor and we are not presently concerned with them.
We feel obliged to note that appellant was guilty of neglect bordering on dilatory tactics in failing to tender an answer or take any action before the trial court indicating a desire to do so. It is clear from this action that the chancellor was not alerted, as the courtesies of advocacy require, to the question of law resulting in reversal. Our disposition of the appeal does not in any manner condone the procedure followed.
As above noted, the decree appealed impliedly denied defendant’s motion to dismiss the complaint. Its implied effect was also to deny other than pending motions of the defendant attacking the complaint. We find no error in the disposition of the motions and the trial court is directed to enter an order accordingly, also fixing a time in which defendant shall be allowed to file and serve answer to the complaint.
The summary final judgment appealed is reversed and this cause remanded for further proceedings consistent herewith, without prejudice to the right of plaintiff to renew her motion for summary judgment in the event of the failure of defendant to file an answer raising a material issue of fact.
Reversed and remanded with directions.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.