138 So.2d 525 (1962)
EDGEWATER DRUGS, INC., Appellant,
v.
JAX DRUGS, INC., Appellee.
No. C-395.
District Court of Appeal of Florida. First District.
March 13, 1962.
*526 Richard E. Conner, New Smyrna Beach, for appellant.
Ball & Pearl, Jacksonville, for appellee.
CARROLL, DONALD K., Chief Judge.
The defendant has appealed from an order and a final summary judgment entered against it by the Circuit Court for Duval County in an action for goods sold and delivered and for account stated.
The two main questions raised by the appellant on this appeal are whether the venue of the action was properly laid in Duval County and whether the trial court erred in entering the final summary judgment before the defendant had an opportunity under our rules to file its answer to the complaint.
The setting out of which these questions arise can be better understood by detailing the timetable of some of the events during the progress of this cause. On January 23, 1961, the defendant filed its motion to dismiss the complaint, assigning several grounds therefor but subsequently withdrawing all except the grounds of "improper venue" and "failure to state a cause of action." On the same date the plaintiff filed an affidavit of good faith and a motion *527 for summary judgment. Two days later the plaintiff filed an "Affidavit in support of Summary Judgment and Venue" executed by the vice-president of the plaintiff corporation, stating, among other things, that the goods in question were sold and delivered by the plaintiff to the defendant "from Duval County," that the orders for the goods were received in Duval County, and that credit billing and payment for the said goods have been extended and received in Duval County. On February 20th an affidavit of the defendant's president was filed by the defendant, stating that its principal and sole place of business is in Volusia County, Florida, that its resident agent for service of process is located in the said county, that the goods were purchased for resale in the said county and the unsold goods are still there, and that the merchandise was ordered by the defendant's agent in the said county.
The trial court on March 29th entered an order denying the defendant's motion to dismiss the complaint and granting the plaintiff's motion for a summary judgment, and entered the final summary judgment in favor of the plaintiff.
Section 46.04, Florida Statutes, F.S.A., provides:
"Suits against domestic corporations shall be commenced only in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located; and in the case of companies incorporated in other states or countries, and doing business in this state, suits shall be commenced in a county or justice's district wherein such company may have an agent or other representative, or where the cause of action accrued, or where the property in litigation is situated."
Both parties to this cause are domestic corporations.
Under the quoted statute, the plaintiff had the right to sue the defendant in any county of the state where any one or more of the three conditions enumerated therein prevailed. In this case the trial court evidently concluded from the affidavit of the plaintiff's vice-president that the cause of action accrued in Duval County, and we hold that the court lawfully and properly so concluded. That court's order comes to us with the presumption of validity, and we further find that there was sufficient evidence before the court to support its conclusion. Hence, the trial court correctly denied the defendant's motion to dismiss on the ground of improper venue. The other ground of the motion  failure to state a cause of action  was without merit, the complaint following the official forms 1 and 15 approved under Rule 1.8 of the Florida Rules of Civil Procedure, 30 F.S.A.
In the order appealed from the Circuit Court took three actions: denied a motion the defendant had filed to strike the affidavit of the plaintiff's vice-president, denied the defendant's motion to dismiss the complaint, and granted the plaintiff's motion for a summary judgment. The summary final judgment itself was entered simultaneously by the court. We assume that the court in entering the said order denied the defendant's said motions to strike and dismiss before considering and ruling upon the plaintiff's motion for a summary judgment, which was the orderly procedure in a matter of this kind. In determining the motion to dismiss on the ground of improper venue, the court was authorized to resolve the conflicts in the affidavits before him concerning venue, and its findings on this question, being supported by competent, substantial evidence, will not be disturbed by this court on appeal.
In this appeal both parties have cited and relied upon the case of M.A. Kite Company v. A.C. Samford, Inc., 130 So.2d 99 (Fla.App. 1961), where, in an opinion *528 written by Judge Wigginton, a holding of the Supreme Court of Florida in Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934), was thus summarized:
"* * * that where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed. In such cases the cause of action accrues where the default occurred, though it be in the county where the plaintiff resides, and the action may be maintained in such county for the defendant's breach."
This rule is applicable in the instant case, where the contract involves the payment of money and no place of payment is expressly agreed upon. Therefore, applying the rule here, it may be implied that payment is to be made where the payee, the plaintiff-appellee in this case, resides or has an established place of business  namely, Duval County, where the present action was filed. Application of this rule would itself justify the court's denial of the defendant's motion to dismiss on the ground of improper venue.
As to the second question raised on this appeal, the appellant makes the persuasive and logical "ad hominem" argument that the trial court should not have entered the summary judgment until the defendant had an opportunity to file its answer to the complaint, for until then "it would be nigh impossible for the trial judge to determine whether or not there is a genuine issue of a material fact." Unfortunately for this argument, however, the rules in the Florida Rules of Civil Procedure, by virtue of which the summary judgment procedure is created, appear to contemplate the rather awkward situation involved here.
Paragraph (a) of Rule 1.36 provides that a party seeking to recover upon a claim may "at any time after the expiration of 20 days from the commencement of the action" move for a summary judgment. Paragraph (c) requires that the motion shall be served at least 10 days before the time fixed for the hearing. This paragraph further provides:
"The judgment or decree sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."
In the ordinary course of events it would seem that a defendant would have an opportunity, or would be required, to file his answer to the complaint by the time of the hearing on the motion for a summary judgment, but in the special circumstances of the present case the defendant had no such opportunity because it elected, as it had a right to do, to file a motion to dismiss on the ground of improper venue instead of filing its answer on the merits, so that, when the court in the same order denied its motion to dismiss and granted the plaintiff's motion for a summary judgment, the court necessarily entered the summary judgment without knowing positively what the defendant's answer on the merits would be. Admittedly, without such knowledge, the problem of determining whether there is a genuine issue of a material fact, whether the moving party is entitled to a judgment as a matter of law, and whether the evidence before the court is admissible under the issues framed by the pleadings, would be a formidable problem to resolve.
Under our rules the summary judgment procedure is, of course, essentially evidentiary in nature. While a mere allegation *529 in a pleading, unsupported by any evidence, cannot alone create a "genuine issue as to any material fact" that would preclude the entry of a summary judgment under paragraph (c) of Rule 1.36, such an allegation may perform the function of informing the trial court as to the theory of a party's claim or defense and the function of framing the pleading issues so that the court can determine the relevancy of any evidence that is offered by either party. In addition, an allegation in a pleading might sometimes have the legal effect of establishing an admission, an estoppel, or a waiver against the pleader.
On the other hand, nowhere in the record or briefs in this appeal do we find even an indication that the defendant-appellant has any real defense on the merits to this action. In fact, its president in his affidavit admits that that corporation purchased from the plaintiff the goods involved in this action.
The Florida Rules of Civil Procedure seem to contemplate the procedure followed by the defendant. Paragraph (a) of Rule 1.11 provides that a defendant shall serve his answer within 20 days after service of the summons and complaint upon him, but paragraph (b) of this rule provides that certain defenses, including improper venue and failure to state a cause of action, may at the option of the pleader be made by motion, which motion shall be made before pleading if a further pleading is permitted.
It is significant to note that the Federal Rules of Civil Procedure had undergone a substantial change with regard to the point before us prior to the adoption of the present Florida Rules of Civil Procedure. As originally adopted, Rule 56(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provided that a party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment might move for a summary judgment at any time after a responsive pleading had been served. Under this provision a plaintiff could not move for a summary judgment until after the defendant had served a responsive pleading to the complaint. Begnaud v. White, 170 F.2d 323 (6th Cir.1948). Subdivision (a) of Rule 56 of the Federal Rules of Civil Procedure was amended in 1946 to allow a claimant to move for summary judgment
"at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party."
The rule as amended clearly contemplates the possibility of moving for summary judgment before the defendant has answered. Ludlow Mfg. & Sales Co. v. Textile Workers Union, 108 F. Supp. 45 (D. Del. 1952); 6 Moore's Federal Practice § 56.07 (1953, Supp. 1961); 3 Barron and Holtzoff, Federal Practice and Procedure § 1233 (Rules ed., 1958, Supp. 1960). The Florida Rules of Civil Procedure were patterned after the Federal Rules of Civil Procedure insofar as they were consistent with our practice and traditions. It must be assumed that our Supreme Court adopted wording identical to that of the mentioned amended federal rule with the intention of achieving the same results for litigants that inure under the Federal Rules. Ollin's v. Avis Rental Car System of Florida, 105 So.2d 497 (Fla.App. 1958). In these circumstances the appellant's logical argument" in the present case could be more profitably addressed to the Supreme Court of Florida as the rule-making body or to its rules committee, rather than to this court, which has no power to amend the Florida Rules of Civil Procedure.
In Lehew v. Larson, 124 So.2d 872 (Fla.App. 1960), we adverted to the general cautions against the allowance of a motion by a plaintiff for a summary judgment brought on before the service of an answer to the complaint, where the record *530 before the trial court contains data or statements indicating the possibility that a substantial defense may be presented by an answer. In the instant case we find no such statements or data in the record which were before the trial court, and we therefore hold that that court was authorized under the Florida Rules of Civil Procedure to enter the summary judgment when it did. We further agree with the court that, under the evidence before it at the hearing on the plaintiff's motion for a summary judgment, the defendant failed to present a genuine issue as to any material fact and it was established that the plaintiff was entitled to a judgment as a matter of law.
Therefore, finding no reversible error, the order and final summary judgment appealed from must be, and they are, affirmed.
Affirmed.
STURGIS and RAWLS, JJ., concur.