156 So.2d 652 (1963)
Frank P. SETTECASI and Joe Chillura, d/b/a Settecasi and Chillura, and the Fidelity and Casualty Company of New York, a New York corporation, Appellants,
v.
BOARD OF PUBLIC INSTRUCTION OF PINELLAS COUNTY, Florida, for the Use and Benefit of GENERAL ELECTRIC SUPPLY COMPANY, Appellee.
No. 3689.
District Court of Appeal of Florida. Second District.
October 9, 1963.
*653 Mabry, Reaves, Carlton, Fields & Ward, Tampa, for appellants.
Allen, Dell, Frank & Trinkle, Tampa, for appellee.
SMITH, Chief Judge.
The appellants, general contractors and the surety upon their bond, were defendants in the court below in a suit at law[1] brought by the appellee, the school board, for the use and benefit of General Electric Supply Company, a materialman who furnished supplies for a subcontractor in the course of construction of a public school. This appeal is from a final summary judgment in favor of the materialman and against the general contractors and their surety.
The complaint alleged in substance that the general contractors entered into a contract with the school board for the construction of a school; that the general contractors thereafter entered into a contract with L.E. Dyal Electric Company as electrical subcontractor on the school project; that the plaintiff supply company sold materials to the subcontractor for use on the project for which there remained owing a balance of $60,222.49; and that the general contractors and the surety are liable on their payment and performance bond for the amount owing from the subcontractor to the supplier. The plaintiffs requested the balance due, interest, attorney's fees, and costs.
In answer, the defendants admitted the contracts and the bond, denied knowledge of the sale of materials from the supplier to the subcontractor, and set forth two affirmative defenses. One of these alleged that the subcontractor had furnished the general contractor with a payment bond and that the supplier had, in consideration of the obtaining and furnishing of this bond, elected to make its claim thereunder. The other affirmative defense alleged that the supplier misapplied payments received from the general contractor through the subcontractor to other accounts of the subcontractor.
On July 9, 1962, the plaintiff supplier moved to strike the affirmative defenses and on September 6, 1962, moved for summary judgment. Both of these motions were set for hearing on September 17, 1962. The motion for summary judgment was accompanied by affidavits supporting the allegations of the complaint as to receipt of the materials and nonpayment, and an affidavit alleging $5,000.00 to be a reasonable attorney's fee. The plaintiffs' proofs submitted with its motion for summary judgment did not set forth any facts pertaining to any possible defenses.
On September 14, 1962, defendants filed counter-affidavits alleging that the supplier had directed application of funds received by the subcontractor to certain accounts regardless of their source and that the supplier had knowledge of the sources of the funds paid to it.
At the hearing on September 17, 1962, the court first considered the motion to strike the two affirmative defenses and orally announced its ruling sustaining the motion to strike these defenses with leave to amend. The court then took up the motion for summary judgment and, after argument, orally announced its intention to enter a summary judgment for the plaintiff. On September 19, 1962, the court entered a written order striking the two affirmative defenses with leave to amend and entering the summary judgment for the plaintiff. On the same day, the defendants filed an amendment to their answer which did not reallege the first affirmative defense involving election but did reallege in greater detail the second affirmative defense regarding misapplication of funds. At the same time, *654 the defendants filed a further affidavit alleging that the supplier had notice of all payments to the subcontractor, and that a representative of the supplier had informed the general contractors' agent that the subcontractor's credit was unlimited and that it was current on the school construction materials account.
On September 28, 1962, the defendants moved for rehearing and reopening of the judgment, which motion was denied, and this appeal ensued. We concur in the appellants' contention that the court erred in entering the summary judgment.
In analyzing the status of this case at the time of the hearing, after which summary judgment for the plaintiff was granted, it is noted that an answer containing affirmative defenses had been stricken with leave to the defendants to amend, and that the time for such amendment had not passed. Under such circumstances, the pleading was as if the defendants had not answered and the time for answer had not arrived. Although a plaintiff may move for summary judgment before the defendant has answered, the motion should not be granted unless it is clear that an issue of material fact cannot be presented. At such point in the pleading when the plaintiff moved for summary judgment, the plaintiff had the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitled it to judgment as a matter of law. This burden is upon the movant irrespective of whether he or his opponent would at trial have the burden of proof on the issue concerned, and it rests on the movant whether he is by it required to show the existence or non-existence of facts. 6 Moore's Federal Practice, 2nd Ed., § 56.07, p. 2044; § 56.15 (3), pp. 2123 and 2128. In such an instance, the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact. Olin's Inc. v. Avis Rental Car System of Florida, Fla.App. 1958, 105 So.2d 497; Goldstein v. Florida Fishermen's Supply Company, Fla. App. 1959, 116 So.2d 453; Lehew v. Larsen, Fla.App. 1960, 124 So.2d 872, 85 A.L.R.2d 821; and Edgewater Drugs, Inc. v. Jax Drugs, Inc., Fla.App. 1962, 138 So.2d 525.
In Lehew v. Larsen and Edgewater Drugs, Inc. v. Jax Drugs, Inc., supra, the foregoing principles of law seem to have been modified by a statement that:
"* * * That pronouncement implies, of course, that the record before the trial court contains data or statements indicating the possibility that a material issue may be presented by an answer. * * *"
We find no other authority for such a qualification, and we are of the view that the rule stated should not be so qualified and that the burden of meeting the foregoing principle of law should be and does rest upon the plaintiff-movant. The plaintiff failed to establish in the record facts to show that it carried its burden of proof on the motion for summary judgment; therefore, it was not entitled to judgment as a matter of law.
Since the plaintiff-movant for summary judgment did not meet its burden of proof, the defendants were not required to file any opposing affidavit. Therefore, the sufficiency of the opposing affidavit filed by the defendants on September 14th became immaterial. The amendment to the defendants' answer, and the additional opposing affidavit filed by the defendants after the hearing and on the day of the entry of the summary judgment, were not timely served in opposition to the motion for summary judgment.[2] They were not considered by the trial court and they have not been considered by this Court.
*655 The appellants further contend that the court erred in striking the affirmative defense which alleged that:
"L.E. Dyal Electric Co., Inc., furnished to defendants Frank P. Settecasi and Joe Chillura, d/b/a Settecasi and Chillura, a labor and material payment bond, a copy of which is appended hereto as Exhibit `A'. The purpose thereof was to provide for the payment of such accounts as that upon which the plaintiff relies in its complaint herein. The use plaintiff has, in consideration of the obtaining and furnishing thereof, elected to make its claim thereunder, in substitution for and in place and in stead of its claim upon defendants' bond to the nominal plaintiff."
The Statute under which the general contractor furnished his bond does not contemplate or require the furnishing of such a bond by a subcontractor to the general contractor. § 255.05, Florida Statutes, F.S.A. The affirmative defense does not set forth facts to show any agreement, expressed or implied, on the part of the materialman which could constitute a waiver of its rights under the Statute and which would confine it to an action on the subcontractor's bond. This part of the answer did not assert a defense.
The order striking the affirmative defense is affirmed. The summary final judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
SHANNON, J., concurs.
TROWBRIDGE, C. PFEIFFER, Associate Judge, concurs in part and dissents in part.
TROWBRIDGE, C. PFEIFFER, Associate Judge (concurring in part and dissenting in part).
I concur in the majority opinion except insofar as it affirms the order striking the affirmative defense of election.
Plaintiffs construe this defense as a statement leading to a conclusion of law. If it is subject to that interpretation only, then the court below was correct in striking it. However, it may also be construed to have alleged that the supplier entered into a binding agreement to proceed only under the bond furnished the general contractor by the subcontractor. In the latter case the defense would allege a factual defense and should not have been stricken.
NOTES
[1] The Mechanic's Lien Law is not applicable. See § 84.01 et seq., Florida Statutes, F.S.A.
[2] Florida Rules of Civil Procedure, 1.36(c), 30 F.S.A., provides in part: "* * * The adverse party prior to the day of hearing may serve opposing affidavits. * * *."