165 So.2d 811 (1964)
Oliver DICKENS, Appellant,
v.
STATE of Florida, Appellee.
No. 4713.
District Court of Appeal of Florida. Second District.
June 24, 1964.
*812 W.D. Frederick, Jr., Public Defender, and Joseph X. Dumond, Jr., Asst. Public Defender, Orlando, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
*813 SMITH, Chief Judge.
On January 23, 1946, three informations were filed against Oliver Dickens, charging him in Case No. 29420 with breaking and entering with intent to commit a misdemeanor; in Case No. 29421 with another breaking and entering with intent to commit a misdemeanor; and in Case No. 29422 with breaking and entering with intent to commit a felony. Dickens was arraigned in each of these three cases on the same date the informations therein were filed. In each instance the entire record of the arraignment is as follows: "Defendant was arraigned, entered a plea of guilty." Thereupon the court adjudged the defendant guilty and imposed three sentences (totaling 20 years), to run consecutively.
In May of 1963 the prisoner filed pro se his sworn motion for post-conviction relief, pursuant to Criminal Procedure Rule No. 1 F.S.A. ch. 924 Appendix. In his motion, Dickens alleged that at the time of his trial he was 17 years of age; that his parents had no knowledge that he was being tried; that he appeared in court without the aid of an attorney (he stated that he was unable to pay one); and that he did not request the court to appoint an attorney because he did not know anything about the law and because the detective who arrested him told him to plead guilty ("* * * and after what he had done to me I did what he said * * *"). Dickens filed with his motion an affidavit of insolvency and requested that the court appoint counsel to represent him. From an order denying relief, the prisoner appeals. We reverse.
The procedure followed by the lower court in this cause was improper. The transcript of the record of the hearing below and the order denying relief disclose that the court caused a Notice of Hearing on the prisoner's motion to be given to the prisoner, but the court did not cause the prisoner to be produced at the hearing; nor did the court appoint counsel to represent the prisoner at the hearing. The fourth paragraph of Criminal Procedure Rule No. 1 provides that "A court may entertain and determine such motion [to vacate judgment and sentence] without requiring the production of the prisoner at the hearing." These words, standing alone, might be read so as to sustain the procedure followed by the court below. But a consideration of other well-known principles of law discloses otherwise.
As our Supreme Court has said, Criminal Procedure Rule No. 1 is copied almost verbatim from the federal code, 28 U.S.C.A. § 2255, and when the Florida courts are faced with questions regarding the application and interpretation of Rule No. 1, we should look to federal precedents and authorities as a guide. Roy v. Wainwright, Fla. 1963, 151 So.2d 825, 828. A reference to federal court decisions concerning the above-quoted paragraph discloses that the court's discretion, as to whether or not the prisoner is to be produced at the hearing on his motion for post-conviction relief, is a discretion which must be exercised in the light of other applicable principles of law  including the requirements of due process. For example, if the motion fails to allege facts which, if true, would render the judgment and sentence void, then the court may rule on the question of law presented without the presence of the prisoner. Simmons v. United States, 10 Cir.1956, 230 F.2d 73; Burgett v. United States, 8 Cir.1956, 237 F.2d 247; Garcia v. United States, 9 Cir.1952, 197 F.2d 687. If upon hearing there are questions of fact to be resolved, as to which facts the prisoner has any personal knowledge, then the prisoner should be produced in order to testify. United States v. Nickerson, 7 Cir.1954, 211 F.2d 909; and see United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Where evidence is to be heard at the hearing, even on facts with reference to which the prisoner has no knowledge, if the prisoner is not represented by counsel then fairness and justice  as well as due process  require that the prisoner be produced so he may confront all *814 the witnesses, interrogate his own witnesses and cross-examine those of the state. Appointment of counsel may be an adequate alternative to the presence of the prisoner in this situation, if the prisoner would not be prejudiced through his absence and if he were not personally involved in the factual dispute to be resolved.
It must always be borne in mind that Rule No. 1 procedure must be adequate and effective, for, if it is not, the remedy of habeas corpus may be employed; and it is the duty of the court to make the remedy adequate and effective. Roy v. Wainwright, supra; and see particularly 111 U.Penn.L. Rev. 788, "Processing a Motion Attacking Sentence Under Section 2255 of the Judicial Code." We conclude that the lower court abused its discretion and committed error in conducting the hearing in this cause and taking the testimony of witnesses on the issues of fact (hereinafter noted) without the presence of the prisoner.
The transcript of the record of the hearing discloses that those present were the judge and the assistant county solicitor. After the judge called the case,[1] he inquired of a then unknown woman if she wished to be heard. The woman identified herself as Maggie Cook, the grandmother of Oliver Dickens, and stated that she was in court because Oliver had sent word to her that his case was to be heard at this time and he wanted her to be present. The court advised Mrs. Cook that she could sit and listen to what the court did about the matter. The transcript then discloses the following: "Whereupon the court commenced with the dictation of the Rule #1 Order in this matter." After this the transcript discloses that the court again questioned Mrs. Cook and caused her to be affirmed as a witness. Thereupon the court questioned Mrs. Cook at length, dwelling primarily upon the fact that her grandson, the prisoner, was employed at the time he was arrested; that at the time of his trial in 1946 the prisoner was a minor and was living with Mrs. Cook; that his father lived on a nearby street and his mother was deceased; that the court sent Mrs. Cook a notice on the day the prisoner was arraigned; and that she was present when he entered his plea but had not seen him from the time of his arrest to the time of the arraignment. The court then questioned Mrs. Cook extensively with regard to pre-1946 commitments of her grandson to the industrial school, escapes which he made while serving the sentences here attacked, and charges made against the prisoner during the period of such escapes. At two points during the court's interrogation of Mrs. Cook, the court returned to and "continued with the dictation of the Rule #1 Order in this matter." The hearing concluded with the court's announcement to Mrs. Cook that she could inform her grandson that the court had denied his motion.
We are gravely concerned by the circumstances disclosed by the record-on-appeal in this case. The record shows that the court below began dictating its order of denial before it had heard any of the testimony  a procedure which is unknown in our jurisprudence and improper, to say the least. It is the solemn duty of every person exercising the judicial powers of the State of Florida to restrain his personal feelings (either for or against) any person, rule of court or principle of law  and to interpret and apply the law in a fair and impartial manner. By its adoption of Criminal Procedure Rule No. 1, our Supreme Court in effect issued a directive, which we must and shall enforce, that any person now in custody under judgment and sentence of a Florida court, claiming the right to be released upon the ground that such judgment was rendered and such sentence was imposed in violation of the constitution or laws of the United States or of Florida, and that the judgment and sentence *815 are therefore void, may move the court which rendered the judgment and imposed the sentence to vacate the same; and unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the said court shall cause notice to be served upon the prosecuting officer, grant a prompt hearing thereon, and determine the issues; and if the court finds that the constitutional rights of the prisoner have been infringed so as to render the judgment and sentence vulnerable to collateral attack the court shall vacate and set aside the same. It is not contemplated in proceedings under Criminal Procedure Rule No. 1, nor, needless to say, in any other judicial proceedings, that the court will proceed into the matter with the pre-conceived notion of denying any and all relief.
Dickens' sworn statements to the effect that when he was 17 years of age and unlearned in the law he had these three charges filed against him, and on the same day he entered a plea of guilty, was adjudged guilty and sentenced, all without the aid of an attorney because he was unable to employ one, are facts which, if found to be true, unquestionably entitled him to the relief authorized by Criminal Procedure Rule No. 1. The court's interrogation of the prisoner's grandmother with respect to his previous commitment to the industrial school, the circumstances of the charged offenses, and his escapes subsequent to the sentences herein was entirely irrelevant and immaterial in proceedings pursuant to Rule No. 1. At such a hearing it makes no difference whether the prisoner was guilty or innocent. That question can be resolved only after the defendant has been afforded every right of due process of law.
The only relevant testimony taken by the court was that pertaining to the prisoner's employment prior to arrest and that pertaining to notice as required by § 932.38, Florida Statutes, F.S.A.; and such evidence should not have been heard without the presence of the prisoner. The record-on-appeal discloses a hearing in form but not in fact  which is no hearing at all. The order denying relief is reversed with directions to grant the prisoner a full, fair and impartial hearing as required by Criminal Procedure Rule No. 1.
Reversed.
ALLEN and ANDREWS, JJ., concur.
NOTES
[1] The court announced: "State of Florida versus Oliver Dickens, who stands charged in three Informations, Numbers 29420, 29421 and 29422."