344 So.2d 1304 (1977)
Harry ZUBERBUHLER et al., Petitioners,
v.
DIVISION OF ADMINISTRATION, STATE of Florida DEPARTMENT OF TRANSPORTATION, Respondent.
No. 76-1955.
District Court of Appeal of Florida, Second District.
April 20, 1977.
Rehearing Denied May 19, 1977.
*1305 Hugh E. Starnes, Henderson, Franklin, Starnes & Holt, Ft. Myers, for petitioners.
Andrew H. Schuster, Tallahassee, for respondent.
SCHEB, Judge.
Respondent, Division of Administration, filed eminent domain proceedings against several land owners. One of the condemnees now seeks certiorari raising this one clear-cut legal issue: Did the trial judge depart from the essential requirements of the law in allowing discovery of certain information from expert witnesses the condemnee expects to call at trial? We think not and deny certiorari.
The Division of Administration of the State Department of Transportation, as condemnor, attempted pretrial discovery by propounding certain interrogatories to the condemnee. The information sought concerned the substance of the facts and opinions to which the condemnee's witnesses were expected to testify at trial. The condemnee objected, and, citing Pinellas County v. Carlson, 242 So.2d 714 (Fla. 1970), contended the information was not discoverable by the condemnor since no discovery had been initiated by the condemnee.
The trial judge, on the basis of Fla. R.Civ.P. 1.280(b)(3)(A), granted the condemnor's motion to compel discovery. This petition by condemnee for a writ of certiorari ensued. Condemnee contends the trial judge's application of Rule 1.280(b) departs from the essential requirements of the law and may cause material injury throughout subsequent proceedings. If well taken, condemnee's argument meets the requirement for issuance of a writ of certiorari, since remedy by appeal would be inadequate. In effect, courts recognize that once discovery has been compelled, it would be impossible to "unring the bell." West Volusia Hospital Authority v. Williams, 308 So.2d 634 (Fla. 1st DCA 1975).
The amendments to the Florida Rules of Civil Procedure which became effective January 1, 1973, significantly expanded the scope of discovery, particularly relating to expert witnesses. The Florida Bar, Rules of Civil Procedure, 265 So.2d 21 (Fla. 1972).
As relates to discovery from experts, the amended Rule provides:
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, ...
(2) ...
(3) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under *1306 the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions pursuant to subdivision (b)(3)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. (Emphasis supplied.)
Subdivision (b)(3)(A) of the Rule allows discovery from experts expected to testify, but limits discovery to that testimony expected to be given at trial. In contrast, subsection (b)(3)(B) controls where an expert is not expected to be called as a witness at trial. Discovery is thus allowed, but only upon a showing of exceptional circumstances in the second instance.
Rule 1.280(b)(3) is a verbatim adoption of Federal Rule of Civil Procedure 26(b)(4). Generally, it must be assumed that in adopting a rule identical to a Federal rule that our Supreme Court intended to achieve the same results that would inure under the Federal rule. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla. 1st DCA 1962). Recently this court, speaking through Judge McNulty, said:
... it's well known that our Rules of Civil Procedure are patterned very closely after the Federal rules, and it has been the practice of the Florida courts closely to examine and analyze the Federal decisions and commentaries under the Federal rules in interpreting ours. Jones v. Seaboard Coast Line RR Co., 297 So.2d 861, 863 (Fla. 2d DCA 1974) (footnotes omitted).
See also Dickens v. State, 165 So.2d 811 (Fla. 2d DCA 1964).
Although there are no Florida appellate decisions on the applicability of the rule to condemnation actions, Federal courts have consistently applied Federal Rule 26(b)(4) to these proceedings. U.S. v. 412.93 Acres of Land, etc., 455 F.2d 1242 (3d Cir.1972). See also U.S. v. John R.-Piquette Corporation, 52 F.R.D. 370 (E.D.Mich. 1971); U.S. v. 145.31 Acres of Land, etc., 54 F.R.D. 359 (M.D.Pa. 1972). In a commentary on the Federal Rule, the Advisory Committee Notes prepared by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States say:
The provision is responsive to problems suggested by a relatively recent line of authorities. Many of these cases present intricate and difficult issues as to which expert testimony is likely to be determinative. Prominent among them are food and drug, patent and condemnation cases.
In cases of this character, a prohibition against discovery of information held by expert witnesses produces in acute form the very evils that discovery has been created to prevent. Effective cross-examination of an expert witness requires advance preparation. The lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand. A California study of discovery and pretrial in condemnation cases notes that the only substitute for discovery of experts' valuation materials is "lengthy  and often fruitless  cross-examination during trial," and recommends pretrial exchange of such *1307 material. Similarly, effective rebuttal requires advance knowledge of the line of testimony of the other side. If the latter is foreclosed by a rule against discovery, then the narrowing of the issues and elimination of surprise which discovery normally produces are frustrated. 43 F.R.D. 211, 234 (1967) (citations omitted) (emphasis supplied).
In light of the above commentary on the Federal Rule, the express provisions of our rule as amended, and the purpose of the rules of discovery (i.e., to eliminate surprise, encourage settlement and assist parties in arriving at just results), it seems appropriate that Rule 1.280(b)(3) should be applied to the proceedings before us.
Petitioner's argument is bottomed on Pinellas County v. Carlson, 242 So.2d 714 (Fla. 1970). In Carlson condemnation proceedings were instituted to acquire property for use in connection with parking facilities for a branch courthouse. After securing an order of taking, the condemnor sought to take the deposition of A.B. Fogarty, an appraiser who had been engaged by the land owners' attorney. The condemnees sought a protective order to prevent the taking of Fogarty's deposition. Alternatively, the condemnees sought to exclude from inquiry any matters relating to Fogarty's appraisal prepared for the land owners' attorney, as well as information given him by the attorney concerning the property's value. The trial court allowed the condemnor to examine the appraiser on all matters except communications between him and the land owners' attorney. On appeal, this court held the trial court erred in requiring the property owners to divulge the work product of their expert witness and reversed the judgment of the trial court. Carlson v. Pinellas County, 227 So.2d 703 (Fla. 2d DCA 1969). This court certified the question involved there as one of great public interest, see Florida Constitution, Article V, Section 4(2), and the Supreme Court granted certiorari. Pinellas County v. Carlson, supra.
The Supreme Court held that "the discovery sought by the [condemnor] ... should have been denied, both because it is not consistent with the standards of fairness previously announced by this Court, and also because it violates the work product rule as it has been developed in Florida case law." 242 So.2d at 716. In so holding, the Supreme Court emphasized that the appraiser was employed by the condemnees and had prepared expert materials in preparation of their case, and that he was not to be called as a witness. Stressing the concept of fairness underlying discovery, the court pointed out that the work product of condemnees should not in all cases be immune from discovery. Yet, recognizing that condemnation procedures are initiated by the state, the court succinctly stated the following view:
The fair rule is that the State may not initiate discovery in condemnation cases, except as a reciprocal right in those cases when the condemnee has elected to discover the State's work product. 242 So.2d at 719.
Petitioner argues that by the above language the Supreme Court declared that an immunity exists in favor of the property owner whereby a condemnor is totally excluded from discovering work product unless the condemnee first initiates discovery. This, says petitioner, is a valuable substantive right conferred upon property owners. Its basis stems from the court's concern that the whole condemnation concept is one diametrically opposed to the fundamental ideas upon which our system of government is based.
We are not persuaded by petitioner's arguments. First, the Supreme Court in Carlson ruled solely on discovery from a condemnee's expert not expected to be called as a witness at trial. In the case before us the condemnor has expressly limited its discovery to facts known and opinions held by experts expected to be called at trial. Thus, we do not construe the trial court's order to be in conflict with the Supreme Court's holding in Carlson.
Second, if as petitioner argues, the Carlson rationale was intended to apply to discovery of experts to be called at trial, that *1308 holding would be superseded by the Supreme Court's promulgation of Rule 1.280(b)(3)(A), since an applicable Rule of Civil Procedure supersedes all prior conflicting decisional law. Punta Gorda Ready Mixed Concrete, Inc. v. Green Manor Construction Co., 166 So.2d 889 (Fla. 1964). Pinellas County v. Carlson, supra, was decided in 1970. Rule 1.280(b)(3)(A) became effective in 1973.
Finally, we reject petitioner's argument that Carlson established a "privilege" within the context of Rule 1.280(b)(1), sufficient to exempt the evidentiary opinions of the condemnee's expert from discovery. The "privilege" claimed by the petitioner does not comport with those requirements necessary to establish a privilege. See International Telephone and Telegraph Corp. v. United Telephone Co. of Florida, 60 F.R.D. 177, 186 (M.D.Fla. 1973); 8 Wigmore, Evidence, Section 2285 (McNaughten rev. 1961).
To us, Carlson indicates our Supreme Court's vital concern for fairness in condemnation procedures. The actions of the condemning authority in that case were properly categorized by the court as being unfair. Why? Because the trial court allowed the condemnor to depose the condemnees' expert, who was not expected to testify at trial, and to obtain the work product he produced for, and at the expense of, the condemnees. Then the condemnor was permitted to call that same witness to testify for the condemning authority. Nothing in Rule 1.280(b)(3)(A) or in the trial court's order in this case permits the type of action the Supreme Court characterized as being unfair in Carlson.
We think the amended rule achieves fairness to both the condemnor and condemnee. Indeed, the very purpose of enacting Rule 1.280 appears to have been to adopt a fair approach to discovery of experts in all litigation. There is no reason to preclude discovery processes as relate to those witnesses expected to testify at the trial. This is especially true in a condemnation suit which focuses on the opinions of opposing appraisers. It is essential to a fair determination of awards in condemnation cases that the factual and theoretical basis upon which these opinions rest be tested by carefully prepared cross-examination. While the Rule allows discovery of those opinions intended to be used at trial and thereby creates a climate for effective cross-examination and rebuttal, non-evidentiary opinions of the condemnee's experts continue to be protected as work product. Thus, we do no violence to the rule of Hickman v. Taylor, 329 U.S. 495, 510, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947), that one cannot attempt, "without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." Additionally, under Florida law the condemnee is protected from financial harassment since the court may tax the costs of discovery against the condemnor. Fla.R.Civ.P. 1.280(b)(3)(C). See also, Section 73.091, Florida Statutes, which requires the condemning authority to pay all reasonable costs, including attorneys' fees, incurred by a land owner in these court proceedings.
The unfairness inuring to the condemning authority is obvious. Without Rule 1.280(b)(3)(A), the condemnor may be handicapped at trial, for its appraisal is available to the litigants. Gannett Co., Inc. v. Goldtrap, 302 So.2d 174 (Fla. 2d DCA 1974). Without Rule 1.280(b)(3)(A), the scales of justice are weighted against the condemnor and the public who must ultimately pay all reasonable costs of these proceedings. Even more important is the fairness the Rule brings to our system of justice by encouraging settlements by exposing the parties' strengths and weaknesses prior to trial. The element of surprise is eliminated and the jury's task of rendering an intelligent and just verdict is simplified by a more thorough examination of the experts whose testimony they must weigh.
Certiorari denied.
BOARDMAN, C.J., and HOBSON, J., concur.