ANSTEAD, Judge,
dissenting:
This is an appeal from a final judgment in favor of appellees, George Maddox and Jewel Maddox, his wife, and against appellants, General Tire & Rubber Company and General Motors Corporation, in a products liability action. Appellants assert that the trial judge erred by refusing to allow them ■to introduce into evidence the deposition of appellees’ expert witness. I agree.
George Maddox owned a service station where he performed the majority of the tire repair work for an Oldsmobile dealer. He was injured when a tire manufactured by General Tire & Rubber Company and installed as part of the original equipment on a new General Motors Corporation Oldsmobile exploded. Maddox sued, contending that the explosion was due to a defective bead. The appellants maintained that the tire exploded because of the application of excessive air pressure by Maddox.
In an attempt to support their theory, appellees retained an expert, Dr. H. A. B. Wiseman, and advised appellants that he would be a trial witness. Pursuant to Fla. R.Civ.P. 1.280(b)(3), the appellants deposed Dr. Wiseman. He testified that he had found a broken bead in the tire but that it was not a manufacturing defect. Rather, he concluded that the broken bead was caused by the application of energy during the initial mounting of the tire prior to Mr. Maddox’ attempted repair.
Shortly before trial, appellees advised the appellants that they would not call Dr. *124 Wiseman to testify. At trial, the appellees’ objection to appellants’ reference to Dr. Wiseman’s testimony in opening statement was sustained. Subsequently, appellants were denied the right to introduce the opinion portions of Dr. Wiseman’s deposition, although they were allowed to read to the jury those portions which established that he was an expert hired by counsel for the appellees and that he had examined the tire in question.
The appellees rely on Pinellas County v. Carlson, 242 So.2d 714 (Fla.1970) as support for the trial court’s rulings. That case involved a condemnation proceeding where the condemnor had been permitted by the trial court to discover the opinion of the condemnee’s expert appraiser even though the appraiser was not to be called as a witness nor had the condemnee initiated discovery of the condemnor’s experts. Under these facts, the Florida Supreme Court held the condemnee’s expert appraisal to be privileged under the work product doctrine. The decision did not address itself to the admissibility at' trial of expert evidence which had previously been discovered without objection. Similarly, I believe appel-lees’ reliance on Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977) is misplaced. There, the Second District held that the condemnor may discover the condemnee’s expert opinion where the expert is expected to be called as a trial witness, even though the condemnee had not elected to seek discovery. The court stated that:
[Tjhere is no reason to preclude discovery processes as relate to those witnesses expected to testify at trial. (Id. at 1308)
Zuberbuhler also noted that Pinellas County v. Carlson, supra, was decided before the enactment of the present rules of civil procedure regarding the discovery and use of experts’ testimony.
Discovery of opinions held by experts expected to be called as witnesses at trial is specifically authorized under Fla.R.Civ.P. 1.280(b)(3)(A). A party may challenge the propriety of a discovery request by moving for a protective order pursuant to Fla.R. Civ.P. 1.280(c). This is the point at which a party should assert any privilege based on work product. I believe that once the opinion is properly discovered the privilege is waived. Savino v. Luciano, 92 So.2d 817 (Fla.1957). Here Dr. Wiseman was listed as an expert who was expected to testify at trial. No objection was made to appellants deposing him. Once deposed, his testimony could be used at trial under the provisions of Fla.R.Civ.P. 1.330(a)(3) and 1.390(b). Accordingly, I believe the trial court erred by refusing to permit Dr. Wiseman’s opinion testimony to be presented to the jury.
Appellees also contend that this error was harmless because Dr. Wiseman’s testimony was cumulative to the testimony of other defense experts, and because defense counsel was able to infer to the jury in argument that Dr. Wiseman’s testimony would have been unfavorable to the appellees. However, the trial judge here specifically recognized the importance of Dr. Wiseman’s testimony and specifically stated that if he was in error on this point, it would be more than harmless error.