**F. E. HUNT v. BOARD OF COMMISSIONERS OF EVERGLADES DRAINAGE DISTRICT.**

37 So. (2nd) 534
November 19, 1948

June Term, 1948
En Banc

*Rogers, Morris & Griffis* and *Elbert B. Griffis,* for appellant.

*Wideman, Caldwell, Pacetti & Robinson,* for appellee.

BARNS, J.:

The plaintiff by his bill alleged title in himself to certain lands by virtue of a deed from the Trustees of the Internal

Improvement Fund of the State of Florida dated the 24th day of July, A. D., 1947, and filed for record, said deed having been issued by authority of Section 192.38, F.S. 1941, F.S.A., conveying lands which had reverted to the State of Florida by reason of non-payment of taxes thereon.

Plaintiff in his bill charged that the defendant, Board of Commissioners of Everglades Drainage District, claims the legal title by reason of the reversion or vesting of the title to the said lands in the said Board for non-payment of Everglades Drainage District taxes for the years 1930, 1937, 1940, and 1941; and that by reason of the provisions of ch. 298 App., Section 1530(113), F.S. 1941, F.S.A., the title to the lands above described became vested in the Board of Commissioners of Everglades Drainage District by reason of non-payment of taxes aforesaid.

Plaintiff's bill was one to quiet his title as against the claims of the defendant. Upon defendant's motion to dismiss, the chancellor entered a final decree dismissing plaintiff's bill and thereupon he appealed.

The section of the Murphy Act through which the plaintiff claims his title is as follows:

192.38—I. I. Board title to certain tax certificate lands vested in state (Murphy title)

"At the expiration of two years from the date chapter 18296, acts of 1937, became a law, the fee simple title to all lands in this state, against which there remained outstanding tax sale certificates which, on the date said act became a law, were more than two years old, became *absolutely* vested in the state and every right, title or interest of every nature or kind whatsoever of the former owner of said property, or any one claiming by, through or under him, or any one holding a lien thereon, ceased, terminated and ended and the state through the trustees of the internal improvement fund may sell said lands to the highest and best bidder for cash at such time and after giving such notice and according to such rules and regulations as have or may be fixed and adopted from time to time by said trustees of the internal improvement fund. No court of this state, either federal or state, shall

have jurisdiction to entertain any suit brought by the former owner of said lands or any one claiming by, through or under him for the purpose of questioning or in any way litigating or contesting the title of the state or its grantees to said lands.

(Italics supplied).

Sec. 192.38, F.S. 1941, F.S.A.

The section of the Murphy-like statute under which defendant claims absolute title as against the claim of absolute title by the plaintiff is as follows:

Sec. 1530(113) (i) Everglades Drainage District (Murphy-like) title to Everglades Dainage District.

"This section shall remain in full force and effect for two (2) years from the date this Act shall become a law and at the expiration of such two (2) year period then the fee simple title to all lands against which there remains outstanding any such tax sale certificates, or tax liens, shall become *absolutely* vested in the Board of Commissioners of Everglades Drainage District and every right, title or interest of every nature or kind whatsoever of the former owner of said property, or any one claiming by, through or under him, or any one holding any lien thereon shall cease, terminate and be an end, and the Board of Commissioners of Everglades Drainage District shall be authorized and empowered to sell the said lands as provided by law. Laws 1941, c. 20658, Sec. 15. (Italics supplied.)

Ch. 298 App., Sec. 1530 (113) (i), F.S. 1941, F.S.A.

The title of the Trustees of the Internal Improvement Fund, pursuant to the provisions of 192.38, became vested before the title, if any, of the Everglades Drainage District, pursuant to Section 1530(113) (i), supra. This gives rise to the question as to whether or not the Everglades Drainage District could under the circumstances and under the law acquire a title as against the state. The same act of the Legislature, to-wit: Ch. 20658, which provided for the Everglades Drainage District "Murphy-like" title, also provided as follows:

"Lands within Everglades Drainage District held by Trustees of Internal Improvement Fund shall be subject to all

taxes levied and authorized to be levied by this Act, in the same manner as privately owned lands, and the said Trustees, in furtherance of the trusts upon which such lands are held *shall pay* the said taxes out of any moneys in their hands de· rived from the sale of lands, or othersies. Laws 1941, c. 20658, Sec. 9 (Italics supplied).

Ch. 298 App., Section 1530(10b), F.S. 1941, F.S.A.

It is our conclusion that since the Legislature has directed that the Trustees of the Internal Improvement Fund should pay the taxes due the Everglades Drainage District, it was not the legislative intent that the state's lands would be subject to forfeiture under Sec. 1530(113) (i) of ch. 298, supra.

If the Everglades Drainage District wishes to avail itself of ch. 20658, Acts of 1941, it will be noted that the proper method to enforce payment of taxes on public lands is by mandamus. See State ex rel Board of Sup'r's of South Florida Conservancy District v. Caldwell, et al, 35 So. (2nd) 642.

"Property owned by a county, and held for public purpose, cannot be sold to satisfy the lien of an assessment. Payment of such assessment is to be enforced by proceedings in mandamus, to compel the officers of a county to pay the amount of the assessment out of the county funds; . . . "

Page and Jones on Taxation by Assessment, Vol. 2, Sec. 1075, page 1783.

The Legislature directed the Trustees to pay the taxes. It was to be assumed that they would do so. The statute was enacted in the light of the settled law of the State that the Trustees are subject to suit to require performance of duties prescribed by statute. Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323, and the cases in which this Court has required performance by the Trustees of duties placed upon them by law. Trustees v. Gleason, 15 Fla. 384; Trustees v. Root, 59 Fla. 648, 51 So. 535.

It is our conclusion that the bill of complaint is not without equity.

The decree appealed is reversed.

THOMAS, C. J., TERRELL, CHAPMAN, ADAMS, SEBRING and HOBSON, JJ., concur