HERSEY, Judge.
South Florida Water Management District appeals from- a summary final declaratory judgment voiding a reservation of oil, gas and mineral rights in a deed from the District to appellees’ predecessor in title.
The trial court was concerned, as are we, with the effect of two Florida cases relating to the efficacy of a tax lien foreclosure by the District on lands held by the Trustees of the Internal Improvement Fund without benefit of an application for mandamus.
In the leading case of Hunt v. Bd. of Comm’rs of Everglades Drainage Dist., 160 Fla. 955, 37 So.2d 534 (1948), it was established that while land held by the Trustees of the Internal Improvement Fund was subject to taxation by the Everglades Drainage District “the proper method to enforce payment of taxes on public lands is by mandamus.” Id. at 958, 37 So.2d at 535. In essence, the supreme court held that the trustees are mandated by statute to pay the requisite taxes and that mandamus therefore lies to compel such payment. Subsequently, in the case of State ex rel. Southern States Land & Timber Corp. v. Gladeview Drainage Dist., 38 So.2d 818 (Fla.1949), the court was presented with the question whether or not the trustees were statutorily required to pay taxes where the amount involved exceeded the fair market value of the land. The court held, upon appeal from an application for mandamus, that the trustees had the authority to abandon the land rather than to pay the taxes where the amount of taxes exceeded the value of the land. The holding in Gladeview appears to be a simple extension of the rationale of Hunt with *1259 the added possibility that the trustees are empowered to surrender the land rather than to pay the taxes where circumstances render that alternative attractive. The difficulty that arises from the Gladeview case comes about because the opinion contains a direct quotation from the brief of counsel which suggests that a suit in rem to foreclose tax liens may under such circumstances be substituted for the mandamus action. We hold that such an interpretation is not justified. Our holding is based upon the fact that the opinion quotes counsel with approval in a general sense, but does not make any specific holding that would obviate the necessity for the remedy of mandamus. Secondly, since Gladeview arises in the context of mandamus, any such language would be dictum in any event. Under most circumstances we would certify the foregoing to the supreme court as a matter of great public interest. However, to do so here would be premature because the point is not dispositive of the present appeal.
Appellees acquired title to the real property involved in the litigation from the Trustees of the Internal Improvement Fund. The trustees’ title derives from two sources, giving rise to the controversy between the parties. The first source of title is a Special Master’s Deed executed and recorded in 1932 conveying title directly to the trustees. The second source of title is a deed from the Everglades Drainage District (now the South Florida Water Management District), executed and recorded in 1947 and containing a reservation of oil, gas and mineral rights. The Everglades Drainage District traces its title to tax sale certificates originating in 1941. The record does not establish that mandamus proceedings were brought by the Everglades Drainage District against the Trustees of the Internal Improvement Fund for payment of delinquent taxes in or around 1941.
Appellees filed a complaint for declaratory relief, to which the District responded with a motion to dismiss. Appellees then filed a motion for summary final declaratory judgment. No answer to the complaint has ever been filed by the District.
The trial court granted summary final declaratory judgment on the basis that since there was no action for mandamus in connection with the transfer of 1941, no title vested in the District, with the result that the District’s 1947 deed back to the trustees (which contained the reservation of oil, gas and mineral rights) was void. The trial court’s rationale accords with our analysis that Gladeview does not postulate in rem tax foreclosure proceedings as an adequate substitute for mandamus as a remedy for nonpayment of taxes on lands held by the Trustees of the Internal Improvement Fund.
The problem with the summary final judgment is that while a party may file a motion for summary judgment at any time after the expiration of twenty days from the commencement of the action pursuant to Florida Rule of Civil Procedure 1.510(a), “if a plaintiff moves for summary judgment prior to the defendant filing an answer, the movant must demonstrate conclusively that the defendant cannot plead a genuine issue of material fact.” Gutterman-Musicant-Kreitzman, Inc. v. I.G. Realty Co., 426 So.2d 1216 (Fla. 4th DCA 1983). In that case we quoted with approval the following language from Settecasi v. Board of Pub. Instruction, 156 So.2d 652, 654 (Fla. 2d DCA 1963):
Although a plaintiff may move for summary judgment before the defendant has answered, the motion should not be granted unless it is clear that an issue of material fact cannot be presented. At such point in the pleading when the plaintiff moved for summary judgment, the plaintiff had the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitled it to judgment as a matter of law. This burden is upon the movant irrespective of whether he or his opponent would at trial have the burden of proof on the issue concerned, and it rests on the mov-ant whether he is by it required to show the existence or non-existence of *1260 facts_ In such an instance, the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact.
426 So.2d at 1217-18.
The District postulates as affirmative defenses to appellees’ complaint abandonment, estoppel, ratification and waiver, laches, statute of limitations, and Marketable Record Title Act. It would be virtually impossible for this court on the existing record to determine whether or not one or more of these proposed affirmative defenses might give rise to a genuine issue of material fact. It is clear that the appellees have not dispelled that possibility on the record. For that reason we reverse the summary final declaratory judgment and remand to the trial court for further appropriate proceedings.
REVERSED and REMANDED.
ANSTEAD, C.J., and BERANEK, J., concur.