PER CURIAM.
Appellee, Steel Fabricators, Inc., filed a two count complaint against appellants, Douglas Devos and Devos Construction Company. Count I sought recovery of $99,686.56 from Douglas Devos individually based upon a promissory note, while Count II sought recovery of the same amount against Devos Construction Company for an account stated alleging an agreement to pay pursuant to a letter from appellant to appellee. From a summary judgment in favor of appellee and against Douglas Devos as to Count I only, the appellants have perfected this appeal.
Appellants filed a motion to dismiss the complaint, together with a counterclaim for damages against appellee arising out of negligent bidding procedures. While said motions were pending and before an answer and affirmative defenses were filed, appellee moved for summary judgment on Count I. After the hearing on the motion for summary judgment was held, but prior to entry of the final summary judgment thereon, appellants filed their answer and several affirmative defenses wherein it was claimed that the alleged promissory note, which is the subject of Count I, was merely a personal assurance furnished by Devos, individually, to guarantee the obligations of the corporation arising out of various construction jobs for which Devos Construction Company was indebted to appellee. The instrument, it was alleged, was only intended, and so described, as a personal assurance of the debt of Devos.
The problem in this case arises from the fact that the answer and affirmative defenses were not filed when the motion for summary judgment on Count I was filed or heard and thus they were not considered by the trial judge in resolving the motion in favor of appellee. Thus, ostensibly all the record shows is a count on a promissory note, an affidavit supporting the note, the amount due and its nonpayment. However, appellants contend the complaint and exhibits indicate that the note was simply a *1322 personal assurance or guarantee of the corporate obligation contained in Count II and was, therefore, subject to any defenses that Devos might have to the primary obligation alleged in Count II, such as attorney’s fees and the interest rate. The affirmative defenses on file prior to entry of the final summary judgment allege that the parties never agreed to any interest rate or to the payment of attorney’s fees.
Regardless of the eventual outcome of this litigation, summary judgment should not have been granted on Count I because the two counts are related, and it cannot be said with any degree of certainty that no factual issues exist. The two counts seek recovery of the same money that arose out of the same delinquent contracts, one of which was the contract that is the subject of the counterclaim.[1] Furthermore, if the answer and affirmative defenses had been filed prior to the summary judgment motion, appellee would have been required to dispose of any fact issues raised thereby before summary judgment would have been appropriate. In addition, since the motion for summary judgment was filed prior to the defendant’s answer’s being filed, appellee had the burden of demonstrating to a certainty that defendant could file no answer that would present a genuine issue of fact. Gutterman-Musicant-Kreitzman, Inc. v. I.G. Realty Company, 426 So.2d 1216 (Fla. 4th DCA 1983). This is one of the hazards of a plaintiff’s moving for summary judgment before a defendant’s answer is filed.
Thus, in view of the posture of this record, we believe summary judgment was premature and that issues of fact appear to exist necessitating further proceedings on Count I as well as Count II.
Accordingly, the summary judgment on Count I is reversed and the cause is remanded for further proceedings on both counts of this complaint.
DOWNEY, LETTS and GLICKSTEIN, JJ., concur.
BY ORDER OF THE COURT:
ORDERED that Appellee’s June 21, 1985 Motion for Rehearing of order granting appellant’s attorney’s fees is granted. The June 12, 1985 order granting attorney’s fees to appellant’s counsel is vacated; further
ORDERED that the motion for attorney’s fees filed by appellant’s counsel is hereby denied.

. Appellee's brief states that particular contract had been paid by the owner. However, when the note and written agreement upon which this suit is based were executed, it had not been fully retired.