487 So.2d 1125 (1986)
VALHALLA, INC., a Florida Corporation, Appellant,
v.
Michael CARBO, Appellee.
No. 85-1249.
District Court of Appeal of Florida, Fourth District.
April 16, 1986.
Rehearing Denied May 15, 1986.
*1126 Michael W. Castoro, Hollywood, for appellant.
Lawrence J. Meyer of Meyer & Leben, P.A., Hollywood, for appellee.
LEVY, DAVID L., Associate Judge.
Appellee filed a foreclosure action concerning the same property that was the subject of a lawsuit that was pending wherein the appellant was the plaintiff. Appellant responded in the foreclosure action by filing a Motion for More Definite Statement, which motion was granted. Appellee then complied with the granting of the said motion by filing an amendment to its Complaint. Thereafter, the appellant filed its Motion to Dismiss the Amended Complaint. The Court denied the Motion to Dismiss the Amended Complaint, and gave the appellant twenty days to file its Answer in the foreclosure suit. The Answer was timely filed by the appellant on March 18, 1985.
In the meantime, on January 30, 1985, the appellee filed a Motion for Summary Judgment of Foreclosure. The hearing on appellee's Motion for Summary Judgment was held before the expiration of the twenty-day period that appellant had been allowed for the filing of its Answer. The appellant filed its Answer, in a timely manner, on a date after the hearing on appellee's Motion for Summary Judgment, but before the date on which the Court rendered its ruling granting the appellee's Motion for Summary Judgment.
This case presents the issue of whether a plaintiff who is moving for Summary Judgment, prior to the Answer being filed by the defendant, must merely disprove the defenses ultimately raised in the Answer or, in the alternative, whether the party moving for Summary Judgment under such circumstances has the burden of conclusively establishing that no answer which the defendants might properly serve could present a genuine issue of material fact. The appellant argues that the latter is the correct standard. We agree and reverse. Devos v. Steel Fabricators, 473 So.2d 1320 (Fla. 4th DCA 1985); South Florida Water Management District v. Muroff, 450 So.2d 1258 (Fla. 4th DCA 1984); Gutterman v. Musicant-Kreitzman, 426 So.2d 1216 (Fla. 4th DCA 1983).
Accordingly, the judgment granting a Summary Judgment to the appellee is reversed, with this cause remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HERSEY, C.J., and DOWNEY, J., concur.