GLICKSTEIN, Judge.
South Florida Water Management District, the defendant in the declaratory relief proceedings in the circuit court of Palm Beach County, appeals the final judgment *511 against it. We reverse and remand with direction to enter final judgment for the defendant.
The controversy between these parties over whether the reservation of oil, gas and mineral rights in a deed from the Water Management district to the previous owner was void, was here before. In South Florida Water Management District v. Muroff, 450 So.2d 1258 (Fla. 4th DCA 1984), in which we recited many of the material facts, a prior summary final declaratory judgment in favor of plaintiffs/appellees was reversed as premature, because it was not ascertainable from the record whether any of the District’s several potential affirmative defenses might give rise to a genuine issue of material fact, plaintiffs/appellees not having succeeded in dispelling in advance such possibility on the record. Id. at 1260.
On remand, appellant raised its defenses for the new proceedings. No new material facts were presented; and argument centered on the impact of the Marketable Record Title Act (MRTA) under the facts of the case. It is the critical issue on appeal.
In the final declaratory judgment in the instant case, the trial court held the following:
1. That the plaintiffs/appellees derive their title from the special master’s deed to the trustees of the Internal Improvement Fund upon sale at public auction in 1932.
2. That because the principles stated in Hunt and Gladeview had not been observed, defendant/appellant acquired no rights through the purported acquisition of ownership rights by its predecessor Everglades Drainage District, and any deed from the Drainage District is ineffective to convey or retain title.
3. That the 1947 deed from defendant/appellant to the trustees of the Internal Improvement Fund does not purport to create or transfer the specific estate here claimed by the defendant/appellant, namely half of the oil, gas and mineral rights; section 712, Florida Statutes (1985) does not permit a reservation of rights (such as appears in the 1947 deed) to be a root of title as defined in the MRTA; and section 712.03(2) requires that for an interest in land to be preserved by being referred to in a root of title, the land must be specifically identified by reference to book and page of the record, or by name of the recorded plat.
The last stated point above refers to the following:
712.03 Exceptions to marketability.
—Such marketable record title shall not affect or extinguish the following rights:
(1) Estates or interests, easements and use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title; provided, however, that a general reference in any of such muni-ments to easements, use restrictions or other interests created prior to the root of title shall not be sufficient to preserve them unless specific identification by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such easement, use restrictions or other interests; subject, however, to the provisions of subsection (5).
§ 712.03(1). By the rather clear language of this section, the requirement that there be a specific reference to a recordation of a reserved interest does not apply unless the reservation of interest is supposed to have been created prior to the root of title. Here the 1947 grantor was creating the reservation at the time of the 1947 transfer. Thus, if the 1947 deed is a proper root of title, we do not think section 712.03(1) is a barrier to the reservation of interests by appellant.
The basic question here is whether the 1947 deed may be a proper root of title that also preserves the mineral rights interest of the grantor and its successor, the present defendant/appellant. We conclude that it is.
Appellant points out that the 1947 conveyance meets the section 712.01(2) definition of “root of title” — “any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been re *512 corded at least 30 years prior to the time when marketability is being determined.” “Title transaction” is defined at section 712.01(3) as “any recorded instrument or court proceeding which affects title to any estate or interest in land and which describes the land sufficiently to identify its location and boundaries.”
Appellees argued below, and continue to argue, that the 1947 deed from the Everglades Drainage District to the defendant/appellant is not a root of title insofar as the reservation of mineral rights is concerned. Their reasoning is that the reservation constitutes neither a “transfer” of rights nor a “creation” of rights, essential elements of the statutory definition of a “root of title.” They maintain that to reserve is neither to create nor to transfer; hence the estate involved in the reservation of the mineral rights was neither created nor transferred by the 1947 deed.
Appellees are tracing their fee interest through a chain of title back to the 1932 special masters deed, and not to the 1947 deed, which they perceive as void because of the 1941 transfer without benefit of mandamus. Appellant says that no interest was preserved from the 1932 deed by executing notice under the notice provisions found in the MRTA, and that because the 1947 deed is the most recent transaction meeting the definition of root of title, it has extinguished all conflicting interests not deraigned from the 1947 deed or not specifically referenced as estates or interests as required in section 712.03(2).
Appellant says that the 1947 deed is a title transaction, as it does affect title to some estate or interest of somebody, and is the root of title because it was the last title transaction recorded at least thirty years prior to the time of the effort to quiet the title. Appellant argues that either it is not necessary to delve into the fine question of creation or transfer of an estate or interest, or that the 1947 deed created the reserved estate, by the fact the deed severed certain mineral rights from the fee, creating a mineral estate.
The MRTA’s objective is, in part, to facilitate real estate transfers by enhancing the basis for relying on information conveyed by recorded transactions. It would seem this objective applies not only to an estate in fee but also to other estates in land. Appellant should be able to rely on its retained interest as stated in the 1947 deed as surely as the appellees on the fee interest they purchased fairly recently from the then owner of the fee. It was also no secret from the present owners that there was a reservation of half the mineral interests; the 1947 deed, which appellant and we believe to be the root of title, is of record, and clearly says so.
We conclude that it sabotages the objective of the MRTA to bypass the 1947 deed and look to an earlier deed as the root of title. When the Board of Commissioners of Everglades Drainage District deeded the subject property to the Trustees of the Internal Improvement Fund in 1947, the root of title was created for the transfer of marketable title to the present plaintiffs/appellees in 1978. The seller in 1947 sold the fee less 50% of the oil, gas and mineral rights. The 1947 seller or its successor or assign who sold the property in 1978 continued to reserve those rights, as it legally could do. There was no way for anyone having an interest by a different chain of title to preserve that interest under the MRTA unless it fell into a section 712.03 exception. The most appropriate exception in the instant case would have been by notice.
Finally, we certify the following question as one of great public importance:
DOES THE MARKETABLE RECORD TITLE ACT, WHICH OVERCOMES INVALIDITY OF DEEDS PRECEDING THE ROOT OF TITLE, RECOGNIZE RESERVATION OF AN INTEREST BY THE DEED THAT BECOMES THE ROOT OF TITLE, WHEN AN INVALID TAX SALE IS THE SOURCE OF TITLE OF THE SELLER RESERVING SUCH INTEREST?
LETTS and GUNTHER, JJ., concur.