WARNER, Judge,
dissenting.
I would reverse the final summary judgment in favor of appellee. Appellee filed its motion for summary judgment prior to the serving of appellant’s answer. In its answer appellant raised multiple affirmative defenses. The appellee failed to disprove factually the affirmative defenses, nor did it prove their legal insufficiency. Elkins v. Barbella, 603 So.2d 726 (Fla. 4th DCA 1992); see also Cufferi v. Royal Palm Dev. Co., 516 So.2d 983 (Fla. 4th DCA 1987); Valhalla, Inc. v. Carbo, 487 So.2d 1125 (Fla. 4th DCA 1986).
Among other things, appellant essentially claimed in its affirmative defense that appellee’s agents had made representations regarding its willingness to cooperate in tenant leases so as to increase the financial viability of the project. Appellant relied on these representations to its detriment and expended substantial funds. According to the affirmative defenses this occurred at a time prior to the default. The appellee offered nothing which conclusively refuted these allegations. The trial judge appeared to consider them legally insufficient, but I disagree. Further, even if the allegations were not specific enough, opportunity to amend should have been granted rather than granting summary judgment. See McClendon v. Key, 209 So.2d 273 (Fla. 4th DCA 1968).
At the summary judgment hearing the trial judge appeared to be relying on his *1280 recollection and impressions from a receivership hearing previously held in the case. However, the receivership hearing is not part of this record, nor can I glean that the affirmative defenses raised by the appellant were at issue in that hearing.