657 So.2d 57 (1995)
Allan SERCHAY, as Trustee and former Director of Allan Serchay, C.P.A., P.A., an administratively dissolved Florida corporation, and Paul J. Lane, as Trustee and former Director of Paul J. Lane, P.A., an administratively dissolved Florida corporation, Appellants,
v.
NTS FORT LAUDERDALE OFFICE JOINT VENTURE, a Kentucky general partnership, as general partner of NTS Properties, IV, Ltd., a Kentucky limited partnership, Appellee.
No. 94-3512.
District Court of Appeal of Florida, Fourth District.
July 5, 1995.
*58 David A. Coven of Coven & Lane, P.A., Fort Lauderdale, for appellants.
Robert R. Edwards of Jennings, Valancy & Edwards, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
We reverse a summary judgment entered in favor of Appellee, the landlord, against Appellants, the tenants of commercial office space. The record reflects that there are disputed fact issues on Appellants' affirmative defenses and claimed set-off.
Although it is undisputed that Appellants vacated the premises, they claim that the landlord breached its lease obligation to maintain the common areas. The Appellants contend that there were substantial failures to repair common area toilet, air conditioning, and leak problems, resulting in a constructive eviction. There is also a fraudulent inducement claim arising out of the Appellee's removing furniture from a common area.
Clearly, all inferences must be drawn in favor of the non-moving parties. Fine Arts Museums Foundation v. First National in Palm Beach, 633 So.2d 1179, 1180 (Fla. 4th DCA), rev. denied sub nom. Olean General Hospital, Inc. v. Fine Arts Museums Foundation, 641 So.2d 1346 (Fla. 1994). It is the moving party's burden to conclusively prove the non-existence of a material fact dispute and to disprove fact matters raised as defenses. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Galloway v. Law Offices of Merkle, Bright & Sullivan, P.A., 596 So.2d 1205, 1206 (Fla. 4th DCA 1992); Devos v. Steel Fabricators, Inc., 473 So.2d 1320, 1322 (Fla. 4th DCA 1985); Lenhal Realty, Inc. v. Transamerica Commercial Finance Corp., 615 So.2d 207, 208 (Fla. 4th DCA 1993). It appears that the demised space which the Appellants are to maintain under the lease does not include those portions of the building's common area alleged to be in need of repair and maintenance. We note that a separate maintenance charge was payable by the Appellants for common area expenses.
We recognize that the trial court correctly concluded that there is no issue of fact as to the Appellants' vacating and failing to pay rent. Therefore, to that extent a partial summary judgment is affirmed. We remand for final hearing on the issues raised by the defenses and set-off.
GLICKSTEIN and WARNER, JJ., concur.