985 So.2d 588 (2008)
Lorenzo C. GREENE, Appellant,
v.
LIFESTYLE BUILDERS OF ORLANDO, INC., Appellee.
No. 5D06-4316.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
Rehearing Denied July 14, 2008.
*589 Regine Monestime of The Monestime Firm, P.A., North Miami Beach, for Appellant.
Christopher J. Wilson of Marchena and Graham, P.A., Orlando, for Appellee.
TORPY, J.
In this mortgage foreclosure case, we review the propriety of the summary judgment in favor of Appellee, the mortgagee. Because Appellee filed the motion for summary judgment before the answer was due and failed to meet its burden to establish conclusively that no answer could present a material issue of fact, we conclude that summary judgment was premature. Accordingly, we reverse and remand this cause for further proceedings.
Appellee filed an action to foreclose a second mortgage on Appellant's property. Before Appellant was required to answer, Appellee moved for and was granted summary judgment at a scheduled hearing. After the hearing, but before the written order was entered, Appellant timely filed his answer, in which he raised two affirmative defenses. Prompted by this filing, the trial court directed the parties to attend a subsequent hearing. At this subsequent hearing, the trial court reaffirmed its earlier ruling. In doing so, the trial court disregarded Appellant's defenses because they had not been filed prior to the original hearing.
Although several issues are argued by the parties, we find it unnecessary to address every issue. This is a case where Appellee sought summary judgment before the answer was due. Under these circumstances, Appellee had an "unusually heavy" burden to conclusively negate every defense that might be presented in the answer. Rodriguez v. Tri-Square Const., Inc., 635 So.2d 125, 126 (Fla. 3d DCA 1994); Valhalla, Inc. v. Carbo, 487 So.2d 1125, 1126 (Fla. 4th DCA 1986); Madison v. Haynes, 220 So.2d 44, 46 (Fla. 4th DCA 1969). When the court orally granted summary judgment during the original hearing, it did not have the benefit of Appellant's answer. At the subsequent hearing, the court disregarded the answer. Because Appellant's defenses were not conclusively negated in the record, we are constrained to reverse.
REVERSED AND REMANDED.
MONACO and LAWSON, JJ., concur.