995 So.2d 1144 (2008)
Holly DOUGLAS and Robert Douglas, Appellants,
v.
DEUTSCHE BANK TRUST COMPANY, etc., Appellee.
No. 5D07-3741.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
Holly J. Douglas and Robert D. Douglas, Palm Coast, pro se.
Forrest G. McSurdy, of Stern & McSurdy, P.A., Law Offices of David J. Stern, P.A., Plantation, for Appellee.
PLEUS, J.
The Douglases appeal from a summary final judgment of foreclosure. They argue that Deutsche Bank Trust Co. was impermissibly allowed to move for and obtain summary judgment on its amended foreclosure complaint before their motion to dismiss was heard and prior to the filing of an answer.
Deutsche Bank could move for summary judgment prior to the Douglases filing an answer, but the Bank had the burden of conclusively establishing that no answer which the Douglases might have served could present a genuine issue of material fact. Greene v. Lifestyle Builders of Orlando, Inc., 985 So.2d 588 (Fla. 5th DCA 2008); Valhalla, Inc. v. Carbo, 487 So.2d 1125 (Fla. 4th DCA 1986). See Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure, § 25:6 (2007-08 ed.).
While we find no viable defense to foreclosure, we conclude a viable defense to the amount recoverable by the Bank exists and requires consideration by the trial court. The Douglases claim that the lender placed in force additional, unnecessary insurance on the property, the premiums for which the Bank recovered from the Douglases in the summary final judgment of foreclosure. Foreclosure is an equitable remedy. Singleton v. Greymar Assoc., 882 So.2d 1004, 1008 (Fla.2004). If duplicative, unnecessary insurance was placed on the property by the lender, the Douglases would be entitled to a reduction in the insurance premium claimed due by Deutsche Bank which in this case totaled $4,534.93. This issue must be considered by the trial court.
While foreclosure was proper, the actual amount due to Deutsche Bank was in dispute. The summary final judgment of foreclosure is reversed for consideration of the issue of the amount due Deutsche *1145 Bank and for entry of an amended foreclosure order.
AFFIRMED IN PART; REVERSED IN PART, REMANDED.
TORPY and LAWSON, JJ., concur.