## STUART INV. CO. v. WESTINGHOUSE ELECTRIC CORP.

Civ. No. 69.

United States District Court,
D. Nebraska, Lincoln Division.

March 2, 1951.

278

Kenneth E. Anderson, Lincoln, Neb. (Beghtol & Rankin, Lincoln, Neb.), for plaintiff.

George Healey, Lincoln, Neb. (Davis Stubbs & Healey, Lincoln, Neb.), for defendant.

DELEHANT, District Judge.

Exhaustive analysis of the voluminous file in this action need not be made on this occasion. Counsel are intimately aware of the underlying factual history of the principal controversy between their clients and of the plaintiff's ultimate objective in the present suit. They also understand the issues immediately before the court for ruling. Except as to subsequent developments, an effort was made by the writer of this memorandum on October 27, 1950 in the oral announcement of the final disposition of an earlier action arising from the same transaction and then pending here, to identify and summarily to recount the facts upon which that case rested entirely, and this one largely depends. So, only a very brief and admittedly incomplete outline will now be offered in respect of the issues in the present case and its facts. It will shortly be apparent that the litigation has to be carried forward to final submission and determination in the ordinary course. And it is appropriate that the finding and announcement of facts be reserved until that determination. It is equally in order that the major legal issues in the case be discussed then, and only the procedural and administrative considerations involved in the motions now decided be presently mentioned. This is true, notwithstanding the comprehensive briefs covering the entire field of the litigation with which the court has already been favored by counsel. Inevitably, they have been oriented in large measure to the eventual merits of the matter in suit, for those merits lie at the roots of the two motions, if it be granted that the case is in such posture that either of them ought to be sustained.

The plainiff is a Nebraska corporation, the defendant a Pennsylvania corporation authorized to do business in Nebraska. A controversy largely exceeding $3,000 in its amount is unquestionably involved.

The defendant now is and for some eleven months has been prosecuting in the district court of Lancaster County, Nebraska, an action against the plaintiff to recover a large sum of money allegedly due on a contract for the construction or reconstruction and installation by the defendant of certain elevators in an office building belonging to the plaintiff and located in Lincoln, Nebraska. The plaintiff denies that it is indebted to the defendant and claims on the contrary that, by reason of the latter's defaults in their contract the plaintiff is entitled to recover from the defendant damages in a sum substantially exceeding any amount which may be unpaid to the defendant under the contract. That suit, except possibly for further pleadings in the way of reply to the answer and answer to the counterclaim, is at issue but untried and undetermined.

Omitting many relevant historical features, it is recalled that in the contract between the parties provisions were included, (a) for the submission to the architect for decision of the defendant's applications or claims for payments, and also of disputes between the parties under the contract, and for the making of decision thereon by the architect, subject to appeal and to arbitration, and (b) for arbitration (with adequate procedural machinery) in sundry specific situations, including, by way of appeal, decisions of the architect except in matters relating to artistic effect, if within the terms of the contract. The dispute between the parties having arisen, reference of it to the architect was made and at least some showing upon it was made at an appointed time to the architect who shortly made a finding in writing to the

general effect that the plaintiff was not indebted to the defendant in the premises. No appeal was prosecuted from that finding, either by resort to arbitration, or otherwise, by the plaintiff or at the instance of the defendant. On the contrary, the defendant, almost immediately after the architect's finding, instituted the action in the state court to which reference has already been made.

Some months thereafter the plaintiff, in the earlier case in this court, sought an order, within Title 9 U.S.C.A. § 4, compelling the defendant to proceed to arbitration. In the oral announcement of ruling mentioned above, and by appropriate findings of fact, conclusions of law and judgment, prepared thereafter and entered on December 18, 1950, this court denied the relief sought and dismissed the case. No appeal was prosecuted from that judgment.

This action for a declaratory judgment under Title 28 U.S.C.A. § 2201 was instituted on December 20, 1950. In its complaint (with amendments), the plaintiff set out the history of the relations and earlier, and then and still pending litigation between the parties and, among other things, prayed "that the court adjudge:

\* \* \* \* \* \*

"2. That Section 2, Title 9, U.S.C.A. declares substantive law and is applicable to said contract in both State and Federal courts, and that it is the law of the State of Nebraska.

"3. That the clause of said contract providing that arbitration is the only method of appeal from the architects' decision is valid and enforceable under Section 2, Title 9, U.S.C.A.

"4. That neither plaintiff nor defendant appealed from the architects' decision to arbitration, pursuant to the provisions of the contract.

"5. That the architects' decision that the plaintiff is not indebted to the defendant has become final and conclusive of the rights of both parties and is binding upon them because neither party appealed to arbitration as provided in said contract, and therefore there is no amount owing the defendant by the plaintiff under said contract."

Against that complaint, the defendant on January 12, 1951 served and filed a motion to dismiss for failure to state a claim upon which relief can be granted, under Fed.Rules Civ.Proc. Rule 12(b)(6), 28 U.S. C.A. On the same day the court entered an order setting that motion for hearing on January 20, 1951. But on January 18, 1951 the plaintiff served and filed a motion for summary judgment in its behalf under Rule 56. Thereupon, and immediately, the court vacated its earlier order for hearing on the motion to dismiss and directed that the two motions then pending be heard together. By agreement of the parties the motions were presented on February 13, 1951, after which briefs were submitted by counsel. The action is now pending upon those motions and the complaint as amended and the showings in writing made by the parties. It must be recalled that the defendant has not yet answered.

The court considers that, in the light of the posture of the pleadings, it should deny and overrule both motions. An order to that effect, and also requiring the defendant to answer within twenty days from this date is being entered. The reasons which induce that ruling will be set down very briefly.

While the motion for summary judgment was the more recently filed of the two pleadings, it may properly have the earlier attention in this ruling.

■ No doubt is entertained respecting the adaptability of the procedure for summary judgment under Rule 56 to a proceeding for a declaratory judgment under Title 28 U.S.C.A. § 2201. If conditions appropriate for the entry of a summary judgment otherwise exist, its allowance may not be intercepted by the circumstance that the judgment sought will be declaratory in its nature. California Apparel Creators v. Wieder, D.C.N.Y., 68 F.Supp. 499; Northland Greyhound Lines v. Amalgamated Association, D.C.Minn., 66 F.Supp. 431.

■■ However, regardless of the nature of the substantive relief sought, its allowance by summary judgment may not be granted if there be an issue presented as

280

to the existence of any material fact; and any practical doubt respecting the existence of a genuine issue upon a material fact must be resolved against the party seeking the summary judgment. Summary judgment may not be granted unless only an issue, or issues, of law remain for decision and the decision thereof must be in favor of him who demands the summary relief. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130; Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239; Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167; Brooks v. Utah Power & Light Co., 10 Cir., 151 F.2d 514; Fishman v. Teter, 7 Cir., 133 F.2d 222; Koepke v. Fontecchio, 9 Cir., 177 F.2d 125; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 153 F.2d 88; Andrews v. Heinzman, D.C.Neb., 9 F.R.D. 7; Nye v. Mutual Benefit Life Ins. Co., D.C.N.Y., 3 F.R.D. 308; Electrical Fittings Corp. v. Thomas & Betts Co., D.C.N.J., 3 F.R.D. 256.

On this occasion, the plaintiff demands a summary judgment in its favor before any answer has been filed. It is true that Rule 56 in its present form allows the presentation by a claimant of such a motion, "at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party". In its original language the rule allowed the making of such a motion only after the pleading in answer to the claim had been served. But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact.

■ In the present circumstances, the court cannot with assurance and certainty reach that conclusion. On the contrary, without suggestively identifying them, the court can perceive more than one issue which the defendant in the instant case might tender by answer. And it will not abruptly and rashly intercept the presentation of any such defensive matter through the entry of a summary judgment.

■ Nor does the court suppose that the service of its motion to dismiss, even regarded as a motion for summary judgment, forecloses the defendant's right to answer in any manner otherwise available to it. The motion to dismiss in this case is aimed at the legal sufficiency of the complaint as amended. And the defendant does not waive but implicitly reserves the right to answer in the event of the denial of its motion, United States v. Revere Copper & Brass Co., D.C.N.Y., 28 F.Supp. 277; and Rule 12(b).

■ The defendant's motion to dismisss, whether it be regarded as lying strictly within Rule 12(b)(6), or, because of the making of certain supplemental showings, as a motion for summary judgment, should also be denied. A defendant's motion to dismiss for failure of the complaint to state a claim supporting the granting of relief is to be denied unless it appears to a certainty that the plaintiff will be entitled to no relief under any state of facts which may be proved in support of the claim asserted by him in his complaint construed liberally and in the light most favorable to the plaintiff with all doubts resolved in his favor. Musteen v. Johnson, 8 Cir., 133 F.2d 106; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Sparks v. England, 8 Cir., 113 F.2d 579; Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583; United States v. Arkansas Power & Light Co., 8 Cir., 165 F.2d 354. Mindful of the extent to which the ingredient of judicial discretion is involved in the exercise of the declaratory judgment jurisdiction, and may enter especially into judgments denying relief of that character, the court is unwilling to declare that the test for the allowance of a motion to dismiss thus sharply drawn in this circuit is fully met in the present case.

Either the position of the defendant touching the invalidity of the complaint with its amendments is well taken or it is not. If the negative supposition is valid the motion must obviously be denied. But even if the position is well taken, sound considerations of judicial administration counsel the denial of the motion in the present instance. This is a case in which the area of factual difference between the parties eventually to be developed, if any there be, must be very narrow. In large part, and perhaps, though not certainly, altogether, the facts will consist of written instruments, letters, compilations, records and pleadings. The defendant's answer will certainly admit the greater part, if not all, of the strictly factual material set out in the complaint. To the extent that it denies such material or avers new matter, if the latter be not admitted by the plaintiff, a pretrial conference will undoubtedly eliminate most differences and provide for the expeditions and inexpensive trial and determination of the others. In that manner, the case will come quickly to judgment on its merits rather than on a preliminary and technical issue. And from that judgment any appeal, whether successful or not, will almost certainly result in a measure of finality not surely achievable in the case of a favorable judgment upon a motion to dismiss. This court is obliged to seek that desirable finality and so far as may be reasonably possible, to achieve it through practical and maturely conceived administration.