BARNS, PAUL D., Associate Judge.
The appellants were defendants to an action in debt based on a Canadian money judgment. After defendants had filed a timely motion to dismiss, plaintiff-appellee moved for a summary judgment which was granted; whereupon, defendants appealed. We find error and reverse.
Appellants’ first point, supported by a statement of the supporting assignment of error upon which it is based,[1] as prescribed by Rule 3.7, subd. f(4), Fla.App.Rules, 31 F.S.A. (Bailey v. Keene, Fla.App.1965, 171 So.2d 444), is that the court erred in giving consideration to the unauthenticated purported copy of the Canadian judgment. Appellants’ second and third points are that the court erred in giving consideration to the affidavit of L. J. McDermott, President of the appellee-plaintiff corporation, which affidavit purported to give authenticity to the judgment and the existence of the debt. Appellants’ fourth point is that the court erred in giving judgment for U. S. dollars in the same amount as the judgment for Canadian dollars without evidence of the value here of the Canadian dollar, and for improper award of costs.
 The record fails to show that ap-pellee’s motion for summary judgment was supported by competent proof. The Canadian judgment was not authenticated by the custodian of the court’s records and McDermott’s affidavit in that respect is incompetent, and furthermore it is insufficient. The existence of a foreign judgment is a question of fact as is foreign law. Quoting 3 Jones, Evidence, § 671:
“In an early case in the Supreme Court of the United States, it was determined that foreign judgments may be authenticated in the following modes: ‘(1) By an exemplification under the great seal; (2) by a copy proved to be a true copy; (3) by the certificate of an officer authorized by law, which certificate itself must be properly authenticated. These are the usual, and appear to be the most proper, if not the only modes of verifying foreign judgments. If they be all beyond the reach of the party, other testimony, inferior in its nature may be received.’ [2] It is evident that this includes the common law method of proof by a sworn copy.”
Section 92.032, Florida Statutes, F.S.A., provides for the proof of foreign documents as follows:
“A copy of any official foreign document or record or entry therein, certified by the lawful custodian thereof, shall be admissible in evidence in all courts of this state in all cases now pending or hereafter commenced to prove the contents thereof when accompanied by a certificate of an official of such foreign government that such lawful custodian has certified such copy in his official capacity and in accordance with the laws of such foreign country and when this accompany *60 ing certificate is authenticated by a certificate of a consular oificer of the United States resident in such foreign country, under the seal of his office, that the person signing such accompanying certificate is such official of such foreign government and the signature appearing on such accompanying certificate is genuine.”
McDermott’s affidavit does not attempt to authenticate the purported copy attached to the complaint. It does not even state that he has ever seen the original or compared the copy with the original.
Rule 1.36(e), Fla.R.Civ.P., 30 F.S.A., like Rule 56(e), Fed.R.Civ.P., on Motion's for Summary Judgments, requires that supporting affidavits “shall be made on personal knowledge, shall set forth facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated herein.”
Appellants assign as error the act of the lower court in sustaining plaintiff’s motion to strike the defendants’ timely motion for a rehearing. The final judgment was entered on November 16, 1964, and the motion for rehearing was served by mail on November 23, 1964. Rule 2.8(b), Fla. R.Civ.P., provides:
“(b) Time for Motion. A motion for a new trial, or a motion for rehearing in matters heard without a jury or rehearing of any motion for judgment provided for by these rules, shall be served not later than 10 days after the rendition of verdict or the entry of a summary judgment.” [Emphasis supplied]
The foregoing Rule clearly recognizes that the practice permits the making of a motion for rehearing in actions at law, but, for the purpose of giving finality to final judgments, limits the time to serve the motion to not later than 10 days after judgment. Rule 1.6(c), Fla.R.Civ.P., has eliminated the effect of the continued existence or expiration of a term of court and in lieu thereof fixed periods of time have been substituted by the Rules. The striking of the motion was error. Floyd v. State, Fla.1962, 139 So.2d 873.
Furthermore, appellants assign as error that there is no basis for entry of a money judgment of U. S. dollars for the same amount of a Canadian judgment for Canadian dollars and for taxing as costs the expense of a credit report. We find both well founded. The plaintiff’s measure of damages is the value of the amount of the Canadian judgment measured in U. S. dollars. Plaintiff’s expense in procuring a credit report is not a taxable “costs.”
The rule of law applicable to a hearing on a plaintiff’s motion for summary judgment before the defendant is required to serve an answer is well stated in Olin’s v. Avis Rental Car System of Florida, Fla.App.1958, 105 So.2d 497, 498-499:
“When a trial court has for consideration a plaintiff’s motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented. See [6] Moore’s Federal Practice, § 56.07, p. 2044. Cf. Ludlow Mfg. & Sales Co. v. Textile Workers Union, D.C.Del., 108 F.Supp. 45, 51.
“In dealing with such a question under the equivalent Federal Rule 56, 28 U.S. C.A., this point was elaborated on in Stuart Inv. Co. v. Westinghouse Electric Corp., D.C.Neb., 11 F.R.D. 277, 280, as follows:
“ ‘ * * * But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And *61 within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact’ ”
The defendants have not answered and the record fails to show that no answer which the defendants might properly make could present a genuine issue of fact.
Reversed.
ALLEN, C. J., and SHANNON, J., concur.

. POINT I. THE COPY OE THE ALLEGED CANADIAN JUDGMENT WAS IN IMPROPER FORM FOR ADMISSION INTO EVIDENCE AND FOR RELIANCE THEREON BY THE COURT.
This point was raised by Assignment of Error Number 4 (R. 28) which reads as follows:
“Tlxe Court erred in considering and admitting into evidence the Canadian Judgment.”

. Church v. Hubbart, 1804, 2 Crunch 187, 2 L.Ed. 249, 206, Justice Marshall spoke for the Court.