McNULTY, Acting Chief Judge.
In this interlocutory appeal we reverse a summary judgment against Freedom Federal Savings and Loan Association, mortgagee/lender, and in favor of certain mechanics’ lienors against whom Freedom Federal has cross-claimed herein.
*114 In April of 1974, Freedom Federal entered into a construction loan agreement with the property owner, Belhaven Development Company. A note and mortgage were executed and recorded on the date of that agreement, together with a notice of commencement of work.
Construction was commenced and loan funds were disbursed under separate requisitions as construction progressed. Freedom Federal refused, however, to disburse funds pursuant to the eleventh requisition on the grounds that it showed an unauthorized increase in the total amount of the loan.
In December of 1974, the owner filed the instant suit against Freedom Federal seeking specifically to enforce performance of the loan agreement and, additionally, praying for damages. Freedom answered, counterclaimed for foreclosure of the mortgage, and cross-claimed against all lienors of record, including appellees/mechanics’ lien-ors herein.
Freedom Federal’s subsequent motion for summary judgment was denied and appel-lees made oral motion for summary judgment at that hearing. In the order denying Freedom Federal’s motion, dated April 8, 1976, the court stated that he felt entry of summary final judgment in favor of the lien claimants, and establishing the priority of their liens over the mortgage of Freedom Federal, would be appropriate unless Freedom Federal could demonstrate from the then present record in the case that there was an unresolved material issue to a material fact. He deferred final determination until a later date.
Thereafter, on April 15, 1976, Freedom Federal filed with the court an affidavit of one of its officers, Anders Johnson, in opposition to the appellees’/lienors’ oral motion. On April 19 a hearing was held but the court refused to allow into the record or consider that affidavit. The court then found no material issue of fact existed and entered the judgment appealed. We think he was wrong.
First, the court erred by ruling that the affidavit of appellant would not be considered and appellant would be limited to the record as it stood at the time of the entry of the April 8th order. Rule 1.510(c), Fla.R.Civ.P., states that “the adverse party may serve opposing affidavits prior to the day of the hearing.” The court should have considered the affidavit.
Secondly, a party defending against a summary judgment motion does not have to show the existence of a genuine issue of fact until the moving party meets his burden of showing the non -existence of such fact.[1] With respect to the lien claimants’ oral motion for summary judgment, therefore, the trial judge erroneously placed the burden on Freedom Federal to demonstrate the existence of a genuine issue of material fact.
Finally, and apart from the foregoing^ the record demonstrates that at the time of the April 8th order there was, indeed, a genuine issue of material fact.
Concerning the merits, we interpose to say here that the arguments advanced by Freedom Federal may be well taken, but we need not reach them here. Once the summary judgment is set aside, the trial court, we are sure, will accurately resolve the merits in light of our previous holding in J. G. Plumbing Service, Inc. v. Coastal Mortgage Company.[2]
In view of the foregoing, therefore, the summary judgment appealed should be, and the same hereby is, reversed and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES, J., and NORRIS, WILLIAM A., Jr., Associate Judge, concur.

. Holl v. Talcott, 191 So.2d 40 (Fla.1966).

. 329 So.2d 393 (Fla.2d DCA 1976).