426 So.2d 1216 (1983)
GUTTERMAN-MUSICANT-KREITZMAN, INC., a New Jersey Corporation, Appellant,
v.
I.G. REALTY COMPANY, a Florida Limited Partnership, Appellee.
No. 82-612.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
J. Robert Olian of Britton, Cohen, Kaufman & Schantz, P.A., Miami, for appellant.
Mitchell D. Aronson, Miami, for appellee.
DOWNEY, Judge.
The question presented for our consideration is whether the trial court erred in entering a summary judgment for appellee prior to the filing of appellant's answer. We hold that error was committed and reverse the summary judgment.
Appellee, I.G. Realty, as lessor, filed suit on July 16, 1981, against appellant, Gutterman-Musicant-Kreitzman, Inc., to recover rental allegedly due under a lease. The complaint alleged that Gutterman was delinquent in rent payments for the period from August 1, 1980, to March 31, 1981, and for June and July, 1981. The lease contract and Gutterman's assignment and assumption thereof were attached to the complaint. Gutterman, a New Jersey partnership, was served *1217 personally in New Jersey pursuant to Section 48.194, Florida Statutes (1981). Gutterman timely served a motion to dismiss on counsel for appellee by mail on August 14, 1981. Thereafter, on September 11, 1981, I.G. Realty filed a motion for summary judgment. On December 2, 1981, the court denied Gutterman's motion to dismiss, with leave to answer within twenty days. On December 15, 1981, the court granted I.G. Realty's motion and entered summary judgment for I.G. Realty. Gutterman's answer was served upon counsel for I.G. Realty on December 21, 1981. Thereafter, on December 29, 1981, I.G. Realty filed a motion to strike Gutterman's answer on the ground the answer was filed after the summary judgment was granted. It would appear from the record that Gutterman's motion to dismiss was timely filed and I.G. Realty makes no point in the trial court or this court that the answer was served on counsel rather than filed within the twenty day period provided by the court's order. In any event, in view of the procedural posture of this case the date of the filing of the answer is of no consequence because the summary judgment had been entered before the answer was due.
To round out the pleadings before the trial court, it should be noted that on December 24, 1981, Gutterman filed a certificate of service that it had that day mailed an affidavit in support of a motion for rehearing and one in opposition to I.G. Realty's motion for summary judgment. Finally, the trial court denied Gutterman's motion for rehearing, and Gutterman perfected this appeal.
Gutterman contends that summary judgment should never have been entered on December 15, 1981, because it had not filed an answer; and I.G. Realty's motion for summary judgment, and supporting affidavit (which is the only proof in the record for support of the motion), did not demonstrate that Gutterman could not file an answer presenting genuine issues of fact. I.G. Realty's reply to that argument is that its motion for summary judgment had been filed for three months before it was heard and that Gutterman did not file anything to counter the motion. I.G. Realty also contends that Gutterman cannot rely upon its late-filed answer (late-filed according to I.G. Realty because it was filed after the summary judgment was entered), nor its affidavits filed in support of its motion for rehearing. Coffman Realty v. Tosohatchee Game Preserve, 381 So.2d 1164 (Fla. 5th DCA 1980), approved, 413 So.2d 1 (Fla. 1982).
I.G. Realty's arguments miss the mark because Gutterman does not need to look to its answer or motion for rehearing and supporting affidavits because I.G. Realty's motion for summary judgment and affidavit were filed and heard prior to the time Gutterman was required to answer and the motion and affidavit were inadequate to demonstrate that Gutterman could not plead a genuine issue of fact. Absent such a demonstration by the movant's papers, Gutterman was not required to respond to the motion for summary judgment.
A party seeking to recover upon a claim may move for summary judgment in his favor at any time after the expiration of twenty days from the commencement of the action. Fla.R.Civ.P. 1.510(a). However, if a plaintiff moves for summary judgment prior to the defendant's filing an answer, the movant must demonstrate conclusively that the defendant cannot plead a genuine issue of material fact. As this court said in Madison v. Haynes, 220 So.2d 44, 46 (Fla. 4th DCA 1969):
When plaintiffs moved for a summary judgment before an answer was filed, they had the burden of conclusively establishing that no answer which the defendants might properly serve could present a genuine issue of material fact.
In an earlier case Judge Sherman Smith, writing for the Second District Court of Appeal, said in Settecasi v. Board of Public Instruction, 156 So.2d 652, 654 (Fla. 2d DCA 1963):
Although a plaintiff may move for summary judgment before the defendant has answered, the motion should not be *1218 granted unless it is clear that an issue of material fact cannot be presented. At such point in the pleading when the plaintiff moved for summary judgment, the plaintiff had the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitled it to judgment as a matter of law. This burden is upon the movant irrespective of whether he or his opponent would at trial have the burden of proof on the issue concerned, and it rests on the movant whether he is by it required to show the existence or non-existence of facts... . In such an instance, the burden is upon the plaintiff to make it appear to a certainty that no answer which the defendant might properly serve could present a genuine issue of fact.
See also: Olin's v. Avis Rental Car System of Florida, 105 So.2d 497 (Fla. 3rd DCA 1958); Lehew v. Larsen, 124 So.2d 872, 85 AL2d 821 (Fla. 1st DCA 1960); Jackson v. Stelco Employees' Credit Union, Limited, 178 So.2d 58 (Fla. 2d DCA 1965).
Since I.G. Realty did not carry the heavy burden as a movant for summary judgment before Gutterman's answer was filed, we need not consider Gutterman's affidavits filed with the motion for rehearing. Under Coffman, supra, they would have been late. And although our decision does not turn upon what is reflected in Gutterman's answer when it was filed, it would appear that genuine issues of material fact are raised therein.
For the record, at oral argument I.G. Realty abandoned its claim for delinquent rent for the period from August 1, 1980, to March 31, 1981.
Accordingly, we reverse the summary judgment for appellee and remand the cause for further proceedings.
REVERSED AND REMANDED with directions.
GLICKSTEIN, J., concurs.
LETTS, C.J., dissents without opinion.