487 So.2d 1214 (1986)
Fredric J. HODKIN, Individually, and As Trustee, and As Trustee under That Certain Irrevocable Trust Agreement Dated 12/5/73, and under That Certain Intervivos Declaration of Trust Dated 12/5/73, and As Personal Representative of the Estate of Samuel J. Hodkin, Deceased, Appellant,
v.
A Dale LEDBETTER, Appellee.
Fredric J. HODKIN, Individually, and As Trustee, and As Trustee under That Certain Irrevocable Trust Agreement Dated 12/5/73, and under That Certain Intervivos Declaration of Trust Dated 12/5/73, and As Personal Representative of the Estate of Samuel J. Hodkin, Deceased, Appellant,
v.
Jerilyn M. EWTON and Southeast Bank, N.A., Appellees.
Nos. 84-2342, 84-2448.
District Court of Appeal of Florida, Fourth District.
May 7, 1986.
*1215 Stephen D. Jerome of Spann, Jerome & Associates, P.A., Fort Lauderdale, for appellant, and appellant, pro se.
Michael H. Davidson of Watson & Clark, Fort Lauderdale, for appellees-Ledbetter and Ewton.
PER CURIAM.
Frederic J. Hodkin (Hodkin) files this appeal from entry of final judgments entered against him in two separate mortgage foreclosure actions, which were consolidated on appeal.

A. THE EWTON v. HODKIN CASE.
In the first action filed on March 16, 1984, appellee, Jerilyn M. Ewton (Ewton) sued Hodkin and Southeast Bank, N.A. to foreclose on a mortgage. Hodkin did not timely file any responsive pleadings. Ewton moved for default against Southeast Bank only, which was entered by the clerk on April 16, 1984. Hodkin claims that on April 26, 1984, he filed three pleadings  a motion to vacate default and stay appointment of a receiver, an objection to motion for appointment of receiver, and a motion for rehearing of appointment of receiver. However, these pleadings do not appear to have been filed in the trial court, according to the original record on appeal. Instead, they are found in the court file only as exhibits to subsequent pleadings filed by Hodkin.
Hodkin served by mail a motion to dismiss Ewton's complaint. On May 8, 1984, the clerk filed the motion. Columbus Mortgage Company (assignor of the mortgage to Ewton) then filed a motion for summary final judgment against Hodkin. Hodkin claims that he filed a motion for continuance of Ewton's motion for summary judgment, but again this does not appear in the court file. On October 16, 1984, after a hearing on the motion for summary judgment, the trial judge entered final judgment of foreclosure against Hodkin. On October 25, 1984, Hodkin filed a "Motion for Order of Protection Including Affidavit in Opposition to Plaintiffs' Motion for Final Summary Judgment and Final Judgment." In it he alleged that although Ewton had obtained a default against Southeast Bank on April 16, 1984, he had failed to obtain a default against Hodkin in any capacity. Also, Hodkin alleged that he filed six motions which remained pending at that time, and that therefore any default, if entered by the clerk, would be erroneous, as would entry of summary final judgment based on such default. Again, these motions do not appear in our record, and no orders disposing of them appear to have been issued. Neither did the trial court ever rule on Hodkin's October 25, 1984 motion. After due notice, a judicial sale was held, and Ewton purchased the property. He has now moved for writ of possession.

B. THE LEDBETTER v. HODKIN CASE.
In the second case consolidated for this appeal, appellee A. Dale Ledbetter (Ledbetter) filed a complaint against Hodkin, Southeast Bank and Fleurette Martin, seeking to foreclose on a separate mortgage. Hodkin was served on March 27, 1984. Again, no responsive pleadings appear to have been timely filed. Although not marked in the index to the record on appeal, it does appear from the record that on April 19, 1984, Hodkin mailed a motion for rehearing. The motion bears a certificate *1216 of service date of April 19, 1984 and court stamp dated April 20, 1984. On April 19, 1984, Ledbetter filed a motion for, and the trial court entered, a default against Hodkin. Here, the default incorrectly contained the caption from the first action, Ewton v. Hodkin. However, the case number indicates that the default was actually intended in this Ledbetter case.
On April 26, 1984, Hodkin filed a motion to vacate default and stay appointment of receiver. In it, Hodkin alleged that on the same day that the default was entered (April 19th), he had served by mail a motion for rehearing on the appointment of receiver, and motion for production of sworn financial affidavit. Hodkin alleges that he assumed that by serving such motions, he had precluded entry of default.
On September 6, 1984, Ledbetter filed a motion for summary final judgment. On October 3, 1984, the court entered a final judgment of foreclosure. However, in a pleading which appears to have reached the trial judge on October 24, 1984, Hodkin claimed that prior to the default, he had served by mail a responsive pleading entitled "objection to plaintiff's motion for appointment of receiver." Also, he claimed that on April 19, 1984, he served by mail a motion for rehearing on the appointment of receiver. He attached copies of these pleadings. In an affidavit in opposition to summary judgment which does not appear in our record but which Hodkin claims to have filed, he alleged that many of his pleadings had been erroneously returned by the clerk for the reason that default had been entered, and that is why they do not appear in the record of the trial court. He also asserted the existence of several potential defenses to Ledbetter's foreclosure action, including fraud in the inducement, failure to make formal demand for payment and acceleration of the mortgage, collusion, usury and protection under the bankruptcy laws.
Although it does not appear as a filed pleading, Hodkin apparently filed a motion to vacate default. The trial judge, on October 24, 1984, recited in his order denying Hodkin's motion:
All pending motions were presented ore tenus at the hearing for Plaintiff's Summary Judgment and they were denied. One such pending motion was the Defendant's Motion to Set Aside Default. Defendant HODKIN filed no Affidavits in support of his positions and presented no law at that time, although he did make argument.
Defendant has failed to properly notice for hearing or timely file a Motion to Vacate Judgment, even if the Court considers the Defendant's Motion to Vacate Default as either a Motion for Rehearing or Motion to Vacate Judgment.
Once again, proceedings continued through to judicial sale.

I. DEFAULT ERRONEOUSLY ENTERED.
Appellant Hodkin makes two points on these consolidated appeals. First, he contends that the clerk of the circuit court erred in entering a default in the second, Ledbetter case, since he served pleadings on or before the same day that the clerk's office entered default. The only pleading which appears from the record on appeal to have been served and which at least reached the circuit court file was a motion for rehearing. It appears only as a copy, and is attached as an exhibit to a later pleading. However, in the record on appeal is a memo from the Clerk of the Circuit Court dated April 25, 1984, indicating that some pleading(s) served by Hodkin were being returned to him due to the entry of the default on April 19, 1984. Presumably, this included Hodkin's motion for rehearing, which states that it was mailed April 19, 1984.
Rule 1.500(a), Florida Rules of Civil Procedure, provides that when a party defendant has failed to file or serve any paper in an action, a plaintiff may have the clerk enter a default against him. However, Rule 1.500(c), Florida Rules of Civil Procedure, provides that a party may plead or defend at any time before default is *1217 entered. Also, service by mail is considered complete on mailing, Florida Rule of Civil Procedure 1.080(b), and a certificate of service is considered prima facie proof of such service. Fla.R.Civ.P. 1.080(f); Gavin v. Gavin, 456 So.2d 535 (Fla. 1st DCA 1984).
Here, the evidence before the trial court, including the certificate of service and the court date stamp of April 20, 1984 on the pleading, established that Hodkin did in fact serve by mail a motion for rehearing on the same day that the plaintiff's motion for default was filed and entered, April 19, 1984. This court recently held that under such circumstances the default entered by the clerk should be set aside. Gibraltar Service Corporation v. Lone and Associates, Inc., 488 So.2d 582 (Fla. 4th DCA 1986).
Similarly, in a case arising under prior rules, the Third District upheld a trial court order setting aside a default where the praecipe for default was filed and default entered on the same day that the answer was served by mail. Gilmer v. Rubin, 98 So.2d 367 (Fla. 3d DCA 1957).
These authorities, and the policy of the courts which recognizes the desirability of having litigation determined on its merits rather than by technicality, warrant reversal of the final judgment in Ledbetter. Therefore, we reverse and remand the final judgment in Ledbetter v. Hodkin.

II. FINAL SUMMARY JUDGMENT ERRONEOUSLY ENTERED.
Appellant Hodkin also challenges the propriety of the final judgment entered against him in both of the foreclosure cases. However, since we have found reversible error in the Ledbetter case, we will address his argument only with respect to the Ewton case.
As previously discussed, no default appears to have been entered against Hodkin in this case. When the trial court heard Ewton's motion for summary final judgment, Hodkin's motion to dismiss was filed and pending. Hodkin argues that the trial court erred in granting final judgment prior to allowing him to file an answer, since Ewton failed to show that Hodkin could not possibly serve an answer which would present an issue of fact.
It is well settled that if a plaintiff moves for summary judgment prior to defendant's filing an answer, the movant must demonstrate conclusively and to a certainty from the record that the defendant cannot plead or otherwise raise a genuine issue of material fact. See South Florida Water Management District v. Muroff, 450 So.2d 1258 (Fla. 4th DCA 1984); Gutterman-Musicant-Kreitzman, Inc. v. I.G. Realty Company, 426 So.2d 1216 (Fla. 4th DCA 1983).
In this case, it would be impossible to determine whether Hodkin's alleged affirmative defenses might give rise to a genuine issue of material fact. Indeed, it appears possible that Hodkin could have pled or otherwise raised a genuine issue of fact. Therefore, we reverse the final judgment of foreclosure and remand to the trial court for further proceedings.
DELL and WALDEN, JJ., concur.
ANSTEAD, J., dissents without opinion.