635 So.2d 125 (1994)
Redento R. RODRIGUEZ & Luisa N. Rodriguez, Appellants,
v.
TRI-SQUARE CONSTRUCTION, INC., Appellee.
No. 93-2388.
District Court of Appeal of Florida, Third District.
April 12, 1994.
Forrest Sygman, Coral Gables, for appellants.
E.P. Iaconis, Miami, for appellee.
Before NESBITT, COPE and GODERICH, JJ.
COPE, Judge.
Redento R. Rodriguez and Luisa N. Rodriguez appeal a summary final judgment in favor of the plaintiff, Tri-Square Construction, Inc. We reverse.
This is a boundary dispute between adjoining property owners. Tri-Square brought suit for trespass and ejectment, contending that the Rodriguez' fence is not on the boundary line but instead is situated parallel to the boundary line and ten feet within Tri-Square's property. The Rodriguezes moved to dismiss. Before the motion to dismiss was ruled on (and therefore before any answer was filed) plaintiff Tri-Square moved for summary judgment.
*126 On September 3, 1993 defendants delivered affidavits in opposition to the motion for summary judgment. This was one working day prior to the summary judgment hearing, which was held on September 7, 1993.[1]
On September 7, 1993 the trial court commenced the summary judgment hearing but there was insufficient time to conclude proceedings.
On September 20, 1993 the summary judgment hearing resumed. At that time the trial court ruled that the defendants' September 3rd affidavits had been untimely under Florida Rule of Civil Procedure 1.510(c), and struck them. The court entered summary judgment in favor of plaintiff. This appeal follows.
In this case the plaintiff moved for summary judgment prior to the defendants' having filed an answer. The burden of the moving party in such a case is an unusually heavy one. This court has said:
When a trial court has for consideration a plaintiff's motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented... .
In dealing with such a question under the equivalent Federal Rule 56, 28 U.S.C.A., this point was elaborated on in Stuart Inv. Co. v. Westinghouse Electric Corp., D.C. Neb., 11 F.R.D. 277, 280, as follows:
"* * * But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph[[2]] must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact.
In the present circumstances, the court cannot with assurance and certainty reach that conclusion. On the contrary, without suggestively identifying them, the court can perceive more than one issue which the defendant in the instant case might tender by answer. And it will not abruptly and rashly intercept the presentation of any such defensive matter through the entry of a summary judgment."
Olin's, Inc. v. Avis Rental Car System of Florida, Inc., 105 So.2d 497, 498-99 (Fla. 3d DCA 1958) (citations omitted); see also Valhalla, Inc. v. Carbo, 487 So.2d 1125, 1126 (Fla. 4th DCA 1986); Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 25-6 (1993 ed.)
Assuming arguendo that the defendants' affidavits were untimely, the showing made by plaintiff still falls well short of satisfying the burden described in Olin's. To begin with, the plaintiff's motion for summary judgment is supported only by the verified complaint of the corporate plaintiff. The verification was supplied by the corporate president.
Attached to the verified complaint is a photocopy of a waiver of plat, purportedly completed by a qualified surveyor. The document states that it is "not valid unless imprinted with an embossed surveyor's seal." However, the professional surveyor's seal is not visible on the document. The document is not an original or certified copy thereof, *127 nor is the authenticity of the document otherwise established. Moreover, to our nonexpert eyes, the waiver of plat requires interpretation as it relates to the present controversy. The verified complaint does not show that the corporate president has the relevant expertise to qualify him to make such an interpretation.
The verified complaint also falls short of showing that the defendants will be unable to offer any defenses, assuming that there is an encroachment as plaintiff alleges. The verified complaint reveals that the plaintiff purchased its property in 1992. The amended complaint contains no information regarding the creation of the alleged encroachment or the period of time it has existed. The record does not refute the possibility that, assuming there is an encroachment, the defendants will be able to establish that they have acquired rights through adverse possession or otherwise.
Alternatively, we also find that the defendants' affidavits should not have been stricken as untimely. It is true that the defendants' September 3 affidavits were untimely for the September 7 hearing, because they were hand-delivered only one working day ahead of the hearing date. See Fla. R.Civ.P. 1.510(c) (as amended effective Jan. 1, 1993). If the entire summary judgment matter had concluded on September 7, then the trial court could properly have disregarded the defendants' affidavits as untimely.
In the instant case, however, the September 7 summary judgment hearing was continued to September 20. "Service may be made in the interval between a scheduled hearing and its continuation." Henry P. Trawick, Jr., Trawick's Florida Practice & Procedure § 25-6, at 400 (footnote omitted); Freedom Federal Savings & Loan Ass'n v. Yakle Lumber Yard, 343 So.2d 113, 114 (Fla. 2d DCA 1977). If under the cited authorities it would have been permissible for defendants to serve additional affidavits between September 7 and September 20, then a fortiori the same time lapse rendered the September 3 affidavits timely. We perceive no prejudice to plaintiff and follow the logic set forth in the Freedom Federal case.
Plaintiff argues alternatively that the defendants' affidavits are insufficient to create a disputed issue of material fact. On the contrary, in our view the affidavit of the defendants' expert was sufficient to defeat summary judgment at this stage.
The summary final judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] A weekend and holiday intervened between September 3 and 7, 1993.
[2] The "general cautions" referred to were as follows:

However, regardless of the nature of the substantive relief sought, its allowance by summary judgment may not be granted if there be an issue presented as to the existence of any material fact; and any practical doubt respecting the existence of a genuine issue upon a material fact must be resolved against the party seeking the summary judgment. Summary judgment may not be granted unless only an issue, or issues, of law remain for decision and the decision thereof must be in favor of him who demands the summary relief.
Stuart Inv. Co. v. Westinghouse Electric Corp., 11 F.R.D. 277, 279-80 (D.Neb.) (citations omitted), appeal dismissed, 192 F.2d 935 (8th Cir.1951).