PARIENTE, Judge.
This is an appeal of the trial court’s order granting a partial summary judgment reforming a warranty deed to remove appellant Roger Burch’s (Burch) name. The motion for partial summary judgment on the reformation count was granted, although a motion to dismiss was pending and an answer was yet to be filed. Because we are unable to state with certainty that the answer Burch might properly serve could not present a genuine issue of material fact, we reverse the entry of the partial summary judgment as prematurely granted.
Appellees William Kibler and lia Jane Ki-bler’s (plaintiffs) verified complaint consists of ten counts. The complaint outlines in detail the relationship between the plaintiffs and the defendants, which culminated in an oral agreement whereby the plaintiffs would forgive a substantial debt owed to them by two of the defendants, Doris M. Bernardi and Paul W. Bernardi, in consideration of the Bernardis conveying full title in their home to the plaintiffs. However, the plaintiffs allege that in violation of the oral agreement, title to the home was not placed solely in their names. Also included on the deed were the names of the plaintiffs’ son, James Ki-bler, and the Bernardis’ son, appellant Roger Burch.
From the allegations of the complaint, it is clear that this is not an ordinary real estate transaction. There is no written agreement or document detailing the terms of the transaction. The relationship between the parties arose because the plaintiff William Kibler and the defendant Doris Bernardi were cousins. The defendants, Doris and Paul Bernar-di, had apparently acted as caretakers for the plaintiffs’ adult son who has cerebral palsy. The complaint is thus fraught with factual allegations dependent on the testimony of the parties.
The defendants filed a motion to dismiss the complaint.- Thereafter, the plaintiffs filed a motion for partial summary judgment as to five of the ten counts of the complaint. Two days before the hearing, Burch belatedly filed an affidavit which the court did not consider because it was untimely filed and served pursuant to rule 1.510(c), Florida Rules of Civil Procedure (as amended effective Jan. 1, 1993).
At the time the court granted a partial summary judgment on the reformation count removing Burch from the warranty deed and denied summary judgment on the other counts, the defendants had not yet filed an answer because the motion to dismiss was still pending. Although a court is not procedurally barred from entertaining a motion for summary judgment before an answer is filed, the burden on the movant is not limited to demonstrating the absence of a material issue of fact. The burden on the movant increases:
It is well settled that if a plaintiff moves for summary judgment prior to defendant’s filing an answer, the movant must demonstrate conclusively and to a certainty from the record that the defendant cannot plead or otherwise raise a genuine issue of material fact.
Hodkin v. Ledbetter, 487 So.2d 1214, 1217 (Fla. 4th DCA 1986), appeal dismissed, 509 So.2d 1118 (Fla.1987); see also J & L Enter *1122 prises v. Jones, 614 So.2d 1151, 1153 (Fla. 4th DCA 1993). The moving party’s burden is, thus, an unusually heavy one. See Rodriguez v. Tri-Square Constr., Inc., 635 So.2d 125 (Fla. 3d DCA 1994) and cases cited therein.
With its multitude of intricate and unusual facts, this case appears particularly ill-suited for summary judgment. Based solely on a verified complaint and an attorney’s affidavit on a collateral matter, the court granted summary judgment on one count which called for the interpretation of the underlying agreement and rejected summary judgment on four other counts which had also been the subject of the summary judgment.
On the state of the record, we do not see how it could be said to a certainty or with assurance that no answer which the adverse party might properly serve could present a genuine issue of fact. Yet, this is the standard. Hodkin. If this belatedly filed affidavit had been incorporated in a verified answer, the allegations would have been sufficient to defeat the motion for partial summary judgment.
We agree with the reasoning of the third district when it stated:
In the present circumstances, the court cannot with assurance and certainty reach [the conclusion that it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact]. On the contrary, without suggestively identifying them, the court can perceive more than one issue which the defendant in the instant case might tender by answer. And it will not abruptly and rashly intercept the presentation of any such defensive matter through the entry of a summary judgment.
Olin’s Inc. v. Avis Rental Car Sys. of Fla., Inc. 105 So.2d 497, 499 (Fla. 3d DCA 1958) (citations omitted); Rodriguez.
Accordingly we reverse the partial summary judgment and remand the cause for further proceedings consistent herewith.
REVERSED AND REMANDED.
STONE, J., concurs.
POLEN, J., dissents without opinion.