717 So.2d 563 (1998)
BEACH HIGHER POWER CORP., Appellant,
v.
Roberto GRANADOS, Appellee.
No. 98-189.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Rehearing Denied September 23, 1998.
*564 Neustein & Neustein and Charles L. Neustein, Miami Beach, for appellant.
Clifford A. Kornfield, Miami, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
GREEN, Judge.
Beach Higher Power Corp. ("Beach"), a real estate developer and the defendant below, appeals the entry of a partial final summary judgment on a breach of contract claim prior to the filing of its answer. We agree that summary judgment was improvidently entered and reverse.
Roberto Granados filed a five count complaint against Beach and its principals for breach of contract, fraud, unjust enrichment, conversion and civil theft. According to the allegations contained in the breach of contract count, on or about March 3, 1996, Granados executed a written sales contract with Beach for the purchase of a condominium unit at the Prince Michael Condominium.[1] According to the terms of the contract, the unit was to be accepted by Granados in an "as is" condition. The agreement also provided that its terms could not be changed or terminated orally by the parties. Contemporaneous with the execution of the contract, Granados alleged that he paid Beach the full contract price of $70,500 and that the contract required a closing within thirty to sixty days. Granados further alleged that despite the passage of over fifteen months, Beach had refused to transfer title to the condominium to him and had in fact, used the condominium for its own purposes and damaged the same in the process. Granados therefore sought to recover damages for Beach's breach of contract and for specific performance.
In response, Beach filed a motion to dismiss the complaint on various grounds. Prior to a hearing and ruling on this motion, however, Granados moved for partial summary judgment on the breach of contract claim. In his sworn affidavit in support of the motion, Granados averred that contemporaneous with the execution of the contract, he paid the full purchase price in cash and that despite his repeated requests for a closing and transfer of title, Beach had failed to comply with the written terms of the contract. Granados also averred that during most of the relevant time period, Beach had in fact used the condominium as a model/sales office and had caused damage to the unit. Granados' affidavit also incorporated by reference a letter from Beach's counsel which stated that the unit had been sold to Granados at a discounted price because of Granados' agreement to allow Beach to use the apartment as a model/sales office pending the completion of the project. Granados then goes on to specifically deny in his affidavit that he was ever told of a discounted sales price for the unit or that he agreed to a delivery date other than the one specified in the written contract.
In opposition to the motion for partial summary judgment, Beach filed the affidavit of its vice-president and chief operating officer. In the affidavit, it was averred that Beach and Granados orally agreed that as consideration for the sale of the unit at a discounted price, Beach would have the right to use same as a sales office until all of the condominiums were sold at the Prince Michael Condominium; thus, Beach had not breached its agreement with Granados. The trial court granted Granados' motion for partial final summary judgment on the breach of contract count and entered final judgment in his favor for $70,500 plus costs, prejudgment interests and attorney's fees. The court later denied Beach's motion for rehearing and this appeal followed.
We conclude that the entry of partial final summary judgment in this cause prior to the filing of an answer was premature and erroneous where: (1) the appellee's motion did not negate every possible defense which could have legally been raised by way *565 of an answer; and (2) the existence of disputed issues of fact appeared on the face of the motion and supporting exhibits. Rule 1.510(a) of the Florida Rules of Civil Procedure certainly permits a plaintiff to move for summary judgment twenty days after suit has been filed, even if the defendant has not filed an answer. The burden for such a movant however, is extremely heavy in that "the movant must demonstrate conclusively and to a certainty from the record that the defendant cannot plead or otherwise raise a genuine issue of material fact." Hodkin v. Ledbetter, 487 So.2d 1214, 1217 (Fla. 4th DCA 1986); see also Rodriguez v. Tri-Square Constr., Inc., 635 So.2d 125, 126 (Fla. 3d DCA 1994); Midway Shopping Mall, Inc. v. Corky Corp., 257 So.2d 905, 906 (Fla. 3d DCA 1972). As this court has explained:
When a trial court has for consideration a plaintiff's motion for summary judgment before the defendant has answered, the summary judgment should not be granted unless it is clear that an issue of material fact can not be presented.
In dealing with such a question under the equivalent Federal Rule 56, 28 U.S.C.A., this point was elaborated on in Stuart Inv. Co. v. Westinghouse Electric Corp., 11 F.R.D. 277, 280 (D.Neb.1951) as follows:
"* * * * But although a motion by a claimant for summary judgment, served before the service of answer to his complaint may not be denied on the ground that it is necessarily and inevitably tendered too early, the general cautions against the allowance of such motions mentioned in the preceding paragraph must be kept in view. And within their teaching, a court must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact.
In the present circumstances, the court cannot with assurance and certainty reach that conclusion. On the contrary, without suggestively identifying them, the court can perceive more than one issue which the defendant in the instant case might tender by answer. And it will not abruptly and rashly intercept the presentation of any such defensive matter through the entry of a summary judgment."
Olin's Inc. v. Avis Rental Car Sys. of Fla., Inc., 105 So.2d 497, 498-99 (Fla. 3d DCA 1958) (citations omitted); see also Burch v. Kibler, 643 So.2d 1120, 1122 (Fla. 4th DCA 1994); Jackson v. Stelco Employees' Credit Union, Ltd., 178 So.2d 58, 60-61 (Fla. 2d DCA 1965).
We agree with Beach that this case was particularly ill-suited for a summary judgment prior to answer where Granados' motion did not negate every possible defense to this action. For example, Beach correctly points out that it may legally defend this action on the grounds that the parties orally modified the terms of their written agreement, notwithstanding the prescription to the contrary in the agreement. The law has clearly been established that a written contract may be modified by a subsequent oral agreement or subsequent conduct of the parties, even though the written contract purports to prohibit such modification. See Pan Am. Eng'g Co., Inc. v. Poncho's Constr. Co., 387 So.2d 1052, 1053 (Fla. 5th DCA 1980); Barile Excavating & Pipeline Co., Inc. v. Vacuum Under Drain, Inc., 362 So.2d 117, 119 (Fla. 1st DCA 1978); Vitra-Spray of Fla., Inc. v. Gumenick, 144 So.2d 533, 534 (Fla. 3d DCA 1962); see also F.M.W. Properties, Inc. v. Peoples First Fin. Sav. and Loan Ass'n, 606 So.2d 372, 375 (Fla. 1st DCA 1992)("Evidence of a subsequent oral modification is admissible even where the writing contains a merger clause."). Moreover, we note that, on its face, Granados' very own affidavit which incorporates a letter from defense counsel, reveals the existence of a genuine factual dispute between these parties as to whether there was an agreement for Beach to use Granados' unit as a model/sales office pending the sale of all of the remaining units. Given these circumstances, the entry of summary judgment in Granados' favor was error.
*566 For all of these reasons, we reverse the summary judgment and remand for further proceedings.
Reversed.
NOTES
[1] In the record on appeal, this property is also referred to as the "Prince Michael Hotel".