787 So.2d 115 (2001)
Billy A. BRAKEFIELD, Appellant,
v.
The CIT GROUP/CONSUMER FINANCE, INC., Appellee.
No. 2D99-1691.
District Court of Appeal of Florida, Second District.
April 20, 2001.
Billy A. Brakefield, pro se.
Jose Manuel Sanchez, Hollywood, for Appellee.
SALCINES, Judge.
Billy A. Brakefield appeals the final summary judgment of mortgage foreclosure entered by the trial court in favor of The CIT Group/Consumer Finance, Inc. ("CIT Group"), upon an unverified complaint which sought to reestablish a lost promissory note and to foreclose the note and purchase money mortgage. We reverse because CIT Group has not demonstrated, conclusively and to a certainty from the record before this court, that Brakefield cannot plead or otherwise raise a genuine issue of material fact.
Fifty-four days after filing the complaint, CIT Group filed a motion for summary judgment of foreclosure. Thereafter, Brakefield did not file an answer, but *116 instead filed a motion to dismiss which challenged the existence of the note and mortgage and alleged that the complaint failed to state a cause of action because it sought to reestablish a lost note.
A hearing was scheduled to consider the motion for summary judgment. Immediately before the hearing, CIT Group filed the original note, which had been located, and the mortgage. Brakefield, who was proceeding pro se, was not present at the hearing; however, the trial court considered his motion to dismiss and allowed CIT Group to drop, as moot, the count of its complaint which sought to reestablish the lost promissory note. The trial court then denied the motion to dismiss and entered a summary final judgment of mortgage foreclosure.
Florida Rule of Civil Procedure 1.510(a) permits a plaintiff to move for summary judgment twenty days after suit has been filed, even if the defendant has not filed an answer. Beach Higher Power Corp. v. Granados, 717 So.2d 563, 565 (Fla. 3d DCA 1998). However, the burden for such a movant is extremely heavy in that "the movant must demonstrate conclusively and to a certainty from the record that the defendant cannot plead or otherwise raise a genuine issue of material fact." Id.
The record before this court does not contain affidavits or other documentation in support of CIT Group's motion for summary judgment, other than the original note and mortgage. Further, the record does not contain transcripts of the hearing on the motion for summary judgment or the hearing on Brakefield's motion for rehearing and motion to set aside final judgment.
Upon our de novo review of the summary judgment, we hold that the trial court erred when it determined CIT Group had demonstrated conclusively and with certainty that Brakefield could not raise any genuine issues of material fact and, based on the record, that CIT Group was entitled to prevail as a matter of law. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
WHATLEY, A.C.J., and NORTHCUTT, J., concur.