PER CURIAM.
 

 Appellees Robert Hager, Jon Miller, and Bruce Carr filed suit against appellant Stephen Winter and his co-defendants, appel-lees Emerald Shares, LLC, South Elm-wood Realty Co., Inc., Safe Harbour World Health & Healing Foundation, China America Group, Inc., and David Knoll, claiming breach of contract, unjust enrichment, and account stated. The suit was based on a loan to Emerald Shares, LLC that was allegedly guaranteed by Mr. Winter and his co-defendants. Attached to the complaint was the primary evidence: the promissory note of Emerald Shares for one million dollars and the guaranties of the defendants. Mr. Winter’s alleged personal payment guaranty consisted of ten
 
 *345
 
 pages of which only the last, the signature page, contained a fax notation showing that it was sent from Mr. Winter’s home telephone number. After several pretrial motions and discovery, the plaintiffs moved for summary judgment, despite the fact that some motions had not yet been ruled upon. Mr. Winter opposed the motion for summary judgment, claiming, among other things, that what he signed was not a personal guaranty but an agreement to grant the plaintiffs a shared lien on a parcel of real estate. The trial court granted the summary judgment and entered judgment in favor of the plaintiffs. We reverse.
 

 We are cognizant of the fact that immediately above Mr. Winter’s signature on the last page of the alleged guaranty appears the following: “IN WITNESS WHEREOF, the undersigned has duly executed this Guaranty as a sealed instrument the day and year first above set forth[.]” Mr. Winter testified in deposition that he did not realize, not having the remaining pages before him when he signed this page and faxed it to the plaintiffs, that this was a personal guaranty and not the agreement for the shared lien position he had negotiated. Several other witnesses, whose sworn statements were presented to the trial court, corroborated Mr. Winter’s understanding. This evidence shows that a disputed, material fact existed, including receipt of an email containing the entire ten-page guaranty. It was, thus, error for the trial court to grant summary judgment at this stage.
 
 See Brakefield v. CIT Group/Consumer Fin., Inc.,
 
 787 So.2d 115, 116 (Fla. 2d DCA 2001) (reversing summary judgment because movant had not “demonstrated conclusively and with certainty that [the non-movant] could not raise any genuine issues of material fact”).
 

 Summary judgment reversed and cause remanded for further proceedings.
 

 FULMER, CASANUEVA, and KELLY, JJ., Concur.