EVANDER, J.
 

 The Gicks appeal from a final summary judgment entered in this mortgage foreclo
 
 *990
 
 sure proceeding. We reverse. Wells Fargo Bank filed its motion for summary judgment before the Gicks answered the complaint, but failed to meet its burden to conclusively establish that the Gicks could not plead or otherwise raise a genuine issue of material fact.
 

 In May 2008, Wells Fargo filed an unverified complaint alleging that the Gicks had defaulted on their mortgage by failing to make the monthly payment due on November 1, 2007. In response, the Gicks propounded discovery requests upon Wells Fargo and successfully sought an extension of time in which to answer the complaint. After responding to the Gicks’ discovery requests, Wells Fargo filed a motion for summary judgment in June 2009, alleging generally that the Gicks had defaulted on the mortgage and that there were no genuine issues as to any material facts. A supporting affidavit executed by David Perez, an assistant vice president for the servicer of the loan, was attached to the motion for summary judgment. In a conclusory statement, Mr. Perez set forth the sums of money due and owing on the mortgage. However, Mr. Perez’ affidavit did not reference the alleged non-payment in November 2007, and indeed, did not include any averment that the Gicks had defaulted on the mortgage.
 

 Subsequent to the filing of the motion for summary judgment, the Gicks filed a motion to dismiss, asserting that the complaint failed to state a cause of action. After a hearing, the trial court granted Wells Fargo’s motion and entered a final summary judgment of mortgage foreclosure.
 
 [1]
 

 Florida Rule of Civil Procedure 1.510(a)
 
 [2]
 
 permits a plaintiff to move for summary judgment twenty days after suit has been filed, even if the defendant has not filed an answer.
 
 Brakefield v. CIT Group/Consumer Fin., Inc.,
 
 787 So.2d 115 (Fla. 2d DCA 2001). However, the burden for such a movant is extremely heavy in that the movant must demonstrate conclusively that the defendant cannot plead or otherwise raise a genuine issue of material fact.
 
 Greene v. Lifestyle Builders of Orlando, Inc.,
 
 985 So.2d 588 (Fla. 5th DCA 2008);
 
 see Getman v. Tracey Constr., Inc.,
 
 62 So.3d 1289 (Fla. 2d DCA 2011);
 
 Brakefield; Beach Higher Power Corp. v. Granados,
 
 717 So.2d 563 (Fla. 3d DCA 1998).
 

 In the instant case, the Gicks argue that there were several potential defenses that could have been pled which were not negated by the record. We find it necessary to address only one. Because of the afore-described deficiencies in Mr. Perez’ affidavit, the record was insufficient to negate an answer alleging that the Gicks had made their payments.
 
 See, e.g., Brakefield
 
 (error to grant motion for summary judgment in mortgage foreclosure action where motion was filed prior to defendant’s answer and record did not contain affidavit or other documentation demonstrating
 
 *991
 
 conclusively that defendant could not raise any genuine issue of material fact).
 

 REVERSED AND REMANDED.
 

 SAWAYA and TORPY, JJ., concur.
 

 [1]
 

 . We reject the Gicks’ argument that the trial court was required to first enter an order on their motion to dismiss prior to hearing Wells Fargo’s motion for summary judgment. The motion to dismiss was never scheduled for hearing and was clearly meritless.
 

 [2]
 

 . Rule 1.510. Summary Judgment.
 

 (a) For Claimant. A party seeking to recover upon a claim, counterclaim, cross-claim, or third-party claim or to obtain a declaratory judgment may move for a summary judgment in that party’s favor upon all or any part thereof with or without supporting affidavits at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.